## RICHARD RICHESON
### v.
## JOHN D. RICHESON.

1. HIGHWAYS—RESERVATION IN DEED—AMOUNTS TO DEDICATION.—Where a grantor conveyed certain tracts of land, the deed containing a condition that the grantee should permit certain public roads then running across said lands, to remain open to the public use, such condition in the deed amounted to a dedication by the grantor of the land occupied by the roads, to the public, and thereafter he had no more interest in the same than any other person, and without alleging a special injury to himself, he could not maintain an action against the grantee for closing such roads.

2. OBSTRUCTING HIGHWAYS—REMEDY.—When a public highway is obstructed in such a manner as to interfere with the public use only, and producing no special damage to any individual, the remedy is by indictment or by information in the name of The People.

3. PRIVATE REMEDY.—When an individual is directly and injuriously affected he may have his remedy, and a court of equity will interfere by injunction, if necessary; but the complainant should show by his bill that he has suffered or will suffer substantial injury for which he would be entitled to recover at law.

4. PRELIMINARY INJUNCTION, WHEN GRANTED.—When the injury complained of is undeniably a nuisance, and irreparable mischief will ensue, a court of equity will not await the result of a trial at law, but will interfere at

once; but it will not do so until the issue has been tried at law, where the thing sought is not unavoidably a nuisance, but only something which may perhaps prove to be so upon trial.

5. PRACTICE IN CHANCERY—SWORN ANSWER AS EVIDENCE.—In this case an answer under oath was required, and so far as it was responsive to the allegations in the bill, and was not disproved by the testimony of two witnesses it must prevail. The allegations in the bill not being supported by evidence sufficient to overcome the sworn answer, the decree should have been for defendant.

APPEAL from the Circuit Court of Franklin county; the Hon. O. A. HARKER, Judge, presiding. Opinion filed April 7, 1881.

MR. THOMAS J. LAYMAN, for appellant; that an injunction should not be granted to prevent obstruction of a highway, cited Craig v. The People, 47 Ill. 487.

Injunctions are never allowed to correct wrongs already perpetrated: Menard v. Hood, 68 Ill. 121.

Or to obtain affirmative relief: Baxter v. Board of Trade, 83 Ill. 146; Fisher v. Board of Trade, 80 Ill. 85; Wangelin v. Goe, 50 Ill. 459.

Where a street is vacated, the fee reverts: Gebhardt v. Reeves, 75 Ill. 301; Hunter v. Middleton, 13 Ill. 50; I. B. & W. R. R. Co. v. Hartley, 67 Ill. 439; Galbraith v. Leittich, 73 Ill. 209; Town of Partridge v. Snyder, 78 Ill. 519; Champlin v. Morgan, 20 Ill. 181; Town of Lewiston v. Proctor, 27 Ill. 414.

The public lose their right to a highway by an abandonment: Peoria v. Johnston, 56 Ill. 45 ; Power v. Watkins, 58 Ill. 380.

There being a sworn answer, it was a complete defense in the absence of evidence to disprove it: Stoofer v. Marchen, 16 Ill. 553; Phelps v. White, 18 Ill. 41; Panton v. Teft, 22 Ill. 366; Wynkoop v. Cowing, 21 Ill. 570; Gregg v. Renfrew, 24 Ill. 620; Myers v. Kinzie, 26 Ill. 36; Trout v. Emmons, 29 Ill. 433; Buntin v. Wood, 29 Ill. 504; Barton v. Moss, 32 Ill. 50; Marple v. Scott, 41 Ill. 50.

Mr. J. B. TURNER, for appellee; that abandoning the demurrer was a waiver of all objection to the bill; cited Craig v. The People, 47 Ill. 487.

Where parties set up new matter in their answer they must establish them by independent proof : Mahoney v. Mahoney, 65 Ill. 406 ; Roberts v. Stigleman, 78 Ill. 120 ; Cummins v. Cummins, 15 Ill. 33; Lynn v. Lynn, 5 Gilm. 602; 1 Greenleaf Ev. 351; 2 Story's Eq. 1528.

Equity will grant relief either at the suit of the People or of a citizen with an immediate interest therein: Smith v. Bangs, 15 Ill. 402; Craig v. The People, 47 Ill. 487; Peoria v. Johnston, 56 Ill. 45; Brunenmyer v. Buhre, 32 Ill. 183.

There is no power that can divest the grantor or the public of the reserved rights in the premises. The municipality cannot grant away the private property of the citizen: Jackson v. Hathaway, 15 Johns. 447; Hunlemein v. Abro, 18 N. Y. 48; Lozin v. N. Y. C. R. R. Co., 42 Barb. 465; Dimon v. The People, 17 Ill. 416; Rees v. Chicago, 38 Ill. 322; Conger v. C. & R. I. R. R. Co., 15 Ill. 366; Hays v. Asken, 5 Jones. 63.

Proof of abandonment of a highway must be strong to establish another line: Champlin v. Morgan, 20 Ill. 181; Waugh v. Leech, 28 Ill. 488; Peoria v. Johnson, 65 Ill. 45; Grube v. Nichols, 36 Ill. 92; Lewiston v. Proctor, 27 Ill. 414; Galbraith v. Littiech, 73 Ill. 209.

Wall, P. J. The bill in this case was filed by appellee, against the appellant. It alleges that in March, 1875, the complainant conveyed to defendant an undivided interest in certain lands, the defendant already owning the other undivided interest, not conveyed by complainant, with a condition in the deed, that the roads both public and private, then in use on said land should remain forever open to the public. It also averred that the complainant was the owner of extensive property, consisting of lands, mills, stores, etc., at Ewing, a town immediately west of the lands mentioned in the said deed; that there were two important roads running through a part of said lands at the time of said conveyance, one known as the Taylor Hill road, the other known as the Webbs' Prairie road, which roads had been located many years before by the then owners of the lands, upon the most practicable routes, and were used by the public in going to and from said town of

Richeson v. Richeson.

Ewing. That some time in 1875, defendant had fenced up the Taylor Hill road, and had plowed and otherwise obstructed it, greatly to the injury of the public, and to business at Ewing, and to complainant and those who are associated with him in business operations; and that defendant threatened to obstruct the Webbs' Prairie road, and that such obstruction would be productive of like injury to the public and complainant. Prayer for answer under oath for injunction, and that the obstruction might be abated. Defendant answered under oath admitting the deed with condition therein as alleged in bill—that complainant was the owner of property as alleged, and that there were the two roads as alleged, but denied that the Taylor Hill road was upon a practicable route, and alleged that it was by the public authorities re-located—admitting that he had changed the fence after the road was so re-located but not before, and that he had made no change except according to the new line established by the public authorities ; alleged that the re-location was necessary, because the old road was washed out by a branch ; denied that the change of the road was injurious to the public, alleged that he had never threatened to obstruct the Webbs, Prairie road until the public authorities had made a change as to it also. The cause was heard upon bill, answer, replication and proofs. The court found the allegations of the bill to be true as to the Taylor Hill road, but not as to the Webbs Prairie road—dissolved the injunction as to the latter, and as to the former it was decreed that the defendant open the road and remove the obstructions within four months, and in default thereof that a writ should issue to the sheriff commanding him to do so. This decree is assigned for error. The condition of the deed referred to in the bill is as follows:

"And the said party of the first part intended to hereby convey unto the said party of the second part, the undivided two-thirds of the above described premises, with the express understanding and agreement that the roads, both public and private, now used upon, through or across said lands, or any of them are to remain open forever to the use and benefit of

the public for public highways, and not to be fenced up or obstructed, or conveyed to any person who will fence up or obstruct the same." The grantor parted with all his interest in the land, but by this condition he dedicated to the public the use and benefit of the roads, both public and private, then used upon through or across the land. He reserved nothing for himself, and the only rights he has on the premises are such as any one of the public may have. When a public highway is obstructed in such a way as to interfere with the public use only, and producing no especial damage to any individual, the remedy is by indictment or by information in equity at the suit of the Attorney-General or other proper officer. When an individual is directly and injuriously affected, he may have his remedy, and a court of equity will, if need be, interfere by injunction, but cases of this sort are not frequent, and when the right has not been established at law the complainant ought to show by his bill that he has suffered or will suffer substantial injury, for which he would be entitled to recover at law some damages. When the thing complained of is undeniably a nuisance and irreparable mischief will ensue, a court of equity will not await the result of a trial at law, but will interfere at once. But when the thing sought to be restrained is not unavoidably a nuisance, but only something which may perhaps prove to be so, the court will usually refuse to interfere until the matter has been tried at law generally, by action, though issue may be made for that purpose out of chancery, Wood on Nuisances, Chap. 18, and Sec. 777, Story's Eq. Jur. 922 and 3; Dunning v. City of Aurora, 40 Ill. 481; Green v. Oaks, 17 Ill. 249.

The bill in this case alleges no special injury to complainant, and it is doubtful whether, according to the authorities, it is sufficient, but a demurrer was overruled, and defendant answered, and we will consider the case as it was made up by the pleadings. The bill alleges that the obstruction would interfere with the rights of the public as well as complainant and those interested with him in business. The answer is under oath as required by the bill, and so far as it is responsive, must

Richeson v. Richeson.

be overcome by two witnesses. It denies that the road was originally upon the best route, and denies that the change has produced any injury to the public, and avers that the change was made necessary by reason of the wash from a branch which rendered it unfit for use. These denials were not contradicted by any testimony in the record. The only evidence looking that way was the statement of J. B. Turner, that by the change the travel was forced up the side of an immense hill, but whether on the whole the road was in a better or worse condition than before is not shown. The answer neither admits nor denies that complainant is injured either specially or in common with the public, and we find no evidence in the record.

It will be seen upon examination of the plat contained in the record that the road was shortened and straightened by the change so as to run along the half mile line to the east side of section 12, instead of turning, as formerly, at the west line thereof, running southeast about one-fourth of a mile and thence east to the section line. This falls far short of making out such a case of nuisance as would justify the interposition of a court of equity, even assuming that the proof fails to show that there has been a lawful re-location of a public highway. There has been, in fact, no obstruction of the road, only a change of its line by the proper local authorities upon a route found to be more fit for the public use. The bill alleges that the obstruction complained of was caused some time in 1875, more than three years before the filing of the bill, and no explanation is offered for this long delay in asserting the alleged rights of the complainant. We can know nothing of the circumstances which may have operated upon him, but if he had a sufficient explanation it is to be presumed he would have offered it; nor do we know what considerations may be capable of proof that would tend to estop him from now maintaining this bill. Looking only at the record before us, we are of opinion that there is no sufficient foundation for the decree, and it is therefore, reversed and the cause remanded.

Reversed.