# Mary Finegan
## v.
## Henry M. Allen and Nellie Allen.

*Injunctions—Proposed Foundry—Emergency Businesss—Ordinance.*

1. An injunction will not be issued to restrain a mere violation of a city ordinance. The enforcement of city ordinances is not one of the functions of a court of chancery.

2. An iron foundry is not a nuisance *per se*. As to whether a proposed foundry will be a nuisance in a given neighborhood depends upon the character of the neighborhood. A court of equity will not ordinarily enjoin as a nuisance the doing of that which is not a nuisance *per se* until its character as a nuisance has been established in an action at law.

3. A motion to dissolve an injunction granted under a bill praying that defendants be enjoined, among other things, from constructing and maintaining a foundry, is emergency business, and should be considered during the summer vacation.

4. It was proper to refer the motion to dissolve the injunction to a master, in the case presented.

[Opinion filed December 29, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Appellant filed in the court below her bill alleging the ownership by her for many years of a lot, with a cottage thereon, in the city of Chicago; that the defendants, having obtained a lease of adjoining premises, had moved a cottage thereon forward " flush " with the sidewalk on said lot; that the work defendants have done and propose to do on their said lot, is in violation of the ordinances of the city of Chicago; that the dripping from the eaves of defendants' cottage upon complainant's premises is a nuisance, and the business proposed to be carried on by defendants will render complainant's premises untenantable from the dirt, noise, smoke, offensive gases, and other annoyances that will arise therefrom; that complainant's premises are in a residence neighborhood, and have for many years been occupied for residence purposes only; therefore, complainant prays for

an injunction, enjoining defendants from, first, constructing the said shelter-shed on said premises; second, altering, repairing and reconstructing said cottage without a permit; third, raising the same without a permit; fourth, constructing a wooden basement thereunder; fifth, maintaining the so-called shelter-shed thereon; sixth, constructing and maintaining a foundry or other obnoxious business thereon.

An injunction as prayed was issued. The defendants thereupon answered the bill, admitting the making of the alleged changes in their cottage, and that they contemplated finishing the shelter-shed as alleged and carrying on a foundry on the said premises, and that they intended to place eave troughs upon their building. The answer denied that the premises are in a residence neighborhood; says that they are in a manufacturing district, and that the contemplated use thereof will not injure the complainant's property; and thereupon asked the court to dissolve the injunction.

The complainant, upon notice being given to her of such motion, objected to its consideration at that time, because, it then being the summer vacation, the following rules of court existed, and she insisted that the motion could not then be heard without a violation of such rules, which are as follows:

1.   No matter will be heard as emergency business, where the law or the rules of the court require notice to be given, unless the party desiring it to be heard shall first present the same to a judge of this court, who, if he deems it an emergency matter, shall direct in writing or by order of the court what notice shall be given the opposite party, or his attorney, or solicitor.

2.   In all suits pending when vacation commences, nothing shall be treated as emergency business except where by reason of some matter or thing which has occurred or come to the knowledge of the party since the commencement of vacation a material loss or prejudice will result unless some action be taken by the court before the end of vacation.

3.   In no case, whether the suit was commenced before or after the commencement of vacation, will the court take

any action or make any order except so far as may be necessary to preserve the rights of the parties, and then only until a further hearing may, if necessary, be had after the convening of the court, the vacation being ended.

The motion to dissolve coming on to be heard, the court of its own motion referred the same to a master to take proofs and report his conclusions thereon. The complainant objected to such reference.

The master made his report, to which the complainant objected, and the court, upon having heard the cause upon the merits, dissolved the injunction and dismissed the bill.

Mr. Albion Cate, for appellant.

On the motion for dissolution, complainant insisted on the enforcement of the rule of the Superior Court as to emergency business. This motion came before Judge Shepard. The three rules were entered by him July 12, 1889, and have been in force since. They are set out in full. The summer vacation of the Superior Court extended from the third Monday in July to the third Monday in September, in 1891. This motion was made July 23, 1891. Rule 1 requires that during said period the moving party shall submit his business to the court, who, if he deems it an emergency matter, shall direct in writing or by order of the court what notice shall be given the opposite party. This was not done in this case, and the objection was made at the hearing. This is shown in this record by the indorsement of complainant's solicitor on the notice served on him by defendant and otherwise in this record.

Rule 3 provides that the court shall go no further than to preserve the *status quo* until a further hearing may be had, upon the convening of court after vacation.

It appears from this record, on the certificate of evidence in particular, that the court in no respect complied with its own rules, although complainant seasonably called its attention to the oversight and gave an opportunity to correct.

This alone is fatal error, complainant having taken all necessary steps to save the point.

"Rules of court, when established, have the force of law, and are obligatory upon the court itself, as well as upon the parties to causes pending before it. While the court may at any time modify or even rescind its rules, yet until it does so, it should administer them according to their terms, and it can have no discretion to apply them or not according to its convenience, unless such discretion is reserved in the rules themselves." Lancaster v. Railway Co. 132 Ill. 492.

"Complainant seeks to enjoin the eaves-drip. On this point the master's report that complainant would be entitled to an injunction to restrain such damage and injury, and the part of the allegation in the bill that it makes the dwelling damp and unhealthy and unsafe to live in, is very properly the kind of injury and damage that ought to be restrained by injunction in a court of chancery." This is sound. Defendants neither objected nor excepted and for that reason alone it should stand.

The answer admits the facts alleged in the bill which make out a case on this item. This alone should sustain the bill.

"If one constructs his buildings so as to cast water therefrom upon the land of his neighbor, he commits an actionable wrong." Cooley on Torts, 574.

The bill sets out several of the provisions of the fire and building ordinances of the city of Chicago, and avers numerous violations thereof, in doing some things without any permit, others in a way forbidden by the ordinances, and that a structure erected under a license to build a shelter-shed, is to be used for a purpose not contemplated by the ordinance, as a business building. The specific violations of the fire ordinances which are averred are the raising of said cottage, building a wooden basement under it, and reconstructing and repairing it without a permit, the partial inclosing of the shelter-shed, and the use of the so-called shelter-shed for a purpose in violation of the intent of said ordinances. All but the last item are in violation of the positive inhibitions of said ordinances. As to the last item,

the calling a building a shelter-shed which is constructed and used as is this, is a misnomer—a fraud.

1.  "A shed is a slight or temporary shelter; a penthouse or lean-to; hence, an outhouse; a hut or mean dwelling; as a snow-shed; a wood-shed."—*Century Dictionary*.

2.  "A large open structure for the temporary storage of goods, such as a shed on a wharf; a railway shed; an engine-shed."—*Ibid.*

Again, sections 1520, 1527 and other sections of said ordinances have special provisions for the specifications of business and manufacturing buildings, such as that the walls shall be of brick, shall be of a certain thickness, etc.

This clearly shows that it was not intended that a structure of any extent and permanence to be used for business, and especially for such hazardous business purposes as a foundry in a frame residence district, should be constructed of wood. It appears that this structure is built into the cottage, forms one building, and with it covers the entire lot.

These violations of said ordinances are not denied by defendants.

To avoid a multiplicity of suits, and because of the inadequacy of the remedy at law, the injunction should be sustained.  Even if the defense were, an adequate remedy at law, it should be set up, and properly set up, in the answer, which is not done in this case.

As to the foundry item the rule is laid down in Wahle v. Reinbach, 76 Ill. 325–27.

Justice Scholfield says:

" It is argued by the counsel for complainant that before an injunction can issue in such cases, it must be determined by a jury, on a trial at law, that a nuisance in fact exists.  It is true, and has been so held by this court in the cases to which he refers, that a court of equity will always act with reluctance in abating a nuisance, and seldom until it has been found to be such by a jury.  Dunning v. City of Aurora, 40 Ill. 481; Bliss v. Kennedy, 43 Ill. 67; Town of Lake View v. Letz, 44 Ill. 81.

" These cases, however, recognize the doctrine which is

supported by all the authorities on this branch of equity jurisdiction, that where the injury resulting from the nuisance is in its nature irreparable, as, when loss of health, loss of trade, destruction of the means of subsistence, or permanent ruin to property, will ensue from the wrongful act or erection, courts of equity will interfere by injunction in furtherance of justice and the violated rights of property."

Messrs. CHARLES A. BUELL and HOSEA W. WELLS, for appellees.

The motion to dissolve was not heard in violation of the rule of court.

In entering the order referring the motion to dissolve to the master, the court complies with the rule of court set forth in the appellant's brief, on page 7, *i. e.*, "shall direct in writing or by order of the court, what notice shall be given the opposite party."

The order of reference provides what notice shall be given the opposite party, to wit: "said motion to be heard by said master upon two days notice."

There is no statutory vacation of the Superior Court of Cook County, consequently the statutory provision for five days notice of a motion to dissolve an injunction in vacation, has no application here, and the notice provided for in the order of reference contravenes no rule of court or statute. The only statutory provision on the subject is that cited above (Sec. 15), that " motion to dissolve an injunction may be made at any time," and this provision secures to the defendant in the bill a right that no rule of court can abrogate. In the case of Rozier v. Williams, 92 Ill. 187, the court says:

" While courts of record have power to make all reasonable rules   *   *   *   yet their rules must be in furtherance of law, and not in contravention of it. All rules of court must be subordinate to the general laws of the State, and such as are not are binding on no one."

The bill seeks to enjoin the defendants from shedding the eaves-drip onto the premises of the complainant.

Finegan v. Allen.

The defendants do not, in their answer, admit the allegations of the bill in regard to this matter, as is averred in the brief of the appellant, but on the contrary, distinctly and unequivocally deny it. Such being the case, if the appellant desires to insist that the eaves or any part of the building belonging to the appellees projects over or onto the land of the appellant, it is pre-eminently a case in which the remedy would be an action of ejectment, and ejectment bills are particularly offensive to courts of chancery. If the appellant desires to insist that the appellees have placed their building so close to the line that the water from the eaves is cast upon the premises of the complainant, she has a full and complete remedy at law in an action of trespass.

As the master says, it is apparent that this was an injunction to restrain a threatened trespass, and it is well established by a long line of decisions by the Supreme Court of this State that before the court of equity will lend its aid to enjoin a mere trespass, the facts and circumstances must be alleged in the bill, from which it may be seen that an irreparable mischief will be the result of the act complained of, and that the law can not afford the party adequate remedy. Hamilton v. Stewart, 59 Ill. 330; Goodell v. Lasson, 69 Ill. 145; Owens v. Crossatt, 105 Ill. 354; Ft. Clark H. Ry. Co. v. Anderson, 108 Ill. 64.

And then only unless the defendant is insolvent and unable to respond in damages. Owens v. Crossett, 105 Ill. 354.

The bill in this case meets none of the requirements of this rule. It does not set forth facts and circumstances from which it can be determined that an irreparable injury will follow the withholding of an injunction, and there is not a shadow of a pretense that the defendants are insolvent. On the other hand, it appears by the bill of complaint that the defendants are the owners of a four-story factory building adjoining the complainant's property on the west, and that the defendants are therein carrying on a manufacturing business.

The bill itself alleges that the defendants secured from

the proper departments, permits, for the building of the shelter-shed and the moving of the frame cottage forward, but alleges that the defendants intend to break the law. The answer of the defendants alleges that the building is being done in strict conformity with the building ordinances of the city of Chicago, and that they are not and do not intend to violate any of the provisions of the said ordinances But be the facts in the case in this respect what they may, it is not a part of the function of a court of chancery to enforce the building ordinances of a municipality. Mayor, etc., v. Thorne, 7 Paige, 261; Village of St. J. v. McFarlan, 33 Mich. 72.

Even though it be declared a nuisance by the ordinance, only the city can abate it. Waupun v. Moore, 34 Wis. 450.

Where the mode of the enforcement of an ordinance is prescribed by the charter, that mode must be pursued. Dillon, Mun. Corp., Sec. 410 (343).

MR. JUSTICE WATERMAN. It is urged that the court erred in referring the motion to dissolve the injunction to a master and also in taking action thereon during the summer vacation, it not being, it is insisted, emergency business.

The practice of referring matters in dispute to a master, is not only entirely proper, but, with the press of business now before the chancery courts, a thing that to a very large extent must be done. The answer denied material allegations of the bill, and while, as is said by the complainants, no testimony was taken before the master, yet his report shows that affidavits were presented upon the hearing before him.

The motion to dissolve the injunction granted in this case, was clearly emergency business, and one which the court not only had a right to pass upon, but ought to have disposed of as speedily as possible.

If the motion had been one which the rules declared should not be heard during vacation, and if in violation thereof it had been heard, and in consequence thereof a party had been forced to a hearing without a proper oppor-

Finegan v. Allen.

tunity to prepare therefor, a different question would be presented. While doubtless for its convenience and that of the public, a court may, to a reasonable extent, arrange its business and the times at which the same shall be transacted as it may think expedient, we are not prepared to hold that it can, by a mere rule, deprive itself during an entire term, of the right to do any but a particular kind of business.

Upon the merits the injunction seems to have been properly dissolved. An injunction will not be issued to restrain a mere violation of a city ordinance. The enforcement of city ordinances is not one of the functions of a court of chancery. The President and Trustees of Waupun v. Moore, 34 Wis. 450; The Village of St. Johns v. McFarlan, 33 Mich. 72; The Mayor of Manchester v. Smyth, 64 N. H. 380; Mayor v. City of Hudson, 7 Paige, 261.

As to whether the contemplated foundry will be a nuisance, depends upon the character of the neighborhood in which its erection is proposed. An iron foundry is not a nuisance *per se.* A court of equity will not ordinarily enjoin as a nuisance, the doing of that which is not a nuisance *per se,* until its character as a nuisance has been established in an action at law. Dunning v. City of Aurora, 40 Ill. 481; Town of Lake View v. Letz, 44 Ill. 81; High on Injunctions, Secs. 752, 787; Richards' Appeal, 57 Penn. St. 105; Rhodes v. Dunbar, 57 Penn. St. 274; Bliss v. Kennedy, 43 Ill. 67, 76; Wangelin v. Goe, 50 Ill. 459, 468; Richeson v. Richeson, 8 Ill. App. 204–208.

The trespass by the dripping from the eaves, the defendants declare, would be ended as soon as, by the dissolution of the injunction, they were permitted to complete their contemplated improvements.

The bill was, on the hearing upon the merits, properly dismissed; and the decree of the Superior Court will be affirmed.

*Decree affirmed.*