## City of Jacksonville, Appellee, v. John Vieira et al., Appellants.

1. INTOXICATING LIQUORS, § 167*—*when bill by city will not lie to restrain violation of an ordinance.* Bill cannot be maintained by a city for a temporary injunction to restrain persons from keeping and occupying premises for the purpose of storing and taking orders for the sale of intoxicating liquors in violation of a city ordinance, where the city has made no attempt to prosecute either of the defendants for a violation of the ordinance in the city courts, to indict by the grand jury or to prosecute by information before the County Court.

2. INTOXICATING LIQUORS, § 167*—*when bill will not lie to close place kept for storing and taking orders for the sale of, in violation of ordinance.* Before a bill in chancery will lie to close as a nuisance, a place kept by defendants for storing and taking orders for the sale of intoxicating liquors in violation of a city ordinance, the defendants are entitled to a trial by a jury upon the questions whether or not liquors were sold in violation of the ordinance, whether they kept, maintained and stored such liquors in violation of the ordinance, and whether the premises were occupied for such purpose.

THOMPSON, J., dissenting.

Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded with directions. Opinion filed October 16, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

THOMAS F. FERNS, for appellants; ADAMS, NELMS & REISCH, of counsel.

WILLIAM N. HAIRGROVE, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

The City of Jacksonville filed its bill in chancery alleging that the defendants were the owners of certain real estate described in said bill and located in the City of Jacksonville; that on said real estate was a two-story brick building occupied by one of the defendants and that the room so occupied by the defendant Vieira was used for the purpose of storing and taking orders for the sale of intoxicating liquors; that by reason thereof said building was at that time and prior thereto a common nuisance alleging that said Vieira would continue to occupy said room in said building for the purpose of so taking orders for the sale and storing of intoxicating liquors unless restrained by the People's writ of injunction as prayed for in said bill; that the acts of the said defendants were in violation of an ordinance of the City of Jacksonville regarding the sale and giving away of intoxicating liquors, duly passed by said City of Jacksonville and then in force.

Upon the filing of this bill a temporary injunction was issued restraining the defendants from keeping and occupying said premises for the illegal use as aforesaid and from therein taking orders or permitting people to there congregate for the purpose of drinking, bartering, exchanging or in any manner using intoxicating liquors. The defendants entered a motion to dissolve the temporary writ of injunction issued upon said bill and upon hearing upon said motion the same was denied, and from the order denying the motion to dissolve this injunction the defendants have prosecuted an appeal to this court.

The only questions raised by this appeal are, whether or not the City of Jacksonville has the power or

authority under the law to file a bill for injunction regarding the sale or giving away of intoxicating liquors or keeping places where the same may be stored, sold or drunk upon the premises, and whether a bill in chancery is the proper remedy to restrain a violation of this ordinance without any other remedy having been resorted to.   No attempt was made upon the part of the City of Jacksonville to prosecute either of the defendants in an action at law for the violation of the ordinances which it is insisted were being violated before the filing of this bill but this is an original prosecution commenced by way of injunction to restrain the doing of certain acts which it is insisted by appellee create a nuisance and that the city has the power to abate a nuisance by a bill in chancery.   Appellee relies upon the case of *Stead v. Fortner,* 255 Ill. 477, as authority for this proceeding.   The *Fortner* case is distinguishable from the one at bar from the fact that local authorities had tried in every way possible to prosecute at law the alleged violations of the law for selling intoxicating liquors in anti-saloon territory in the city of Shelbyville, Illinois, where the case arose. The proper authorities had presented the matter to the grand jury for indictment and the grand jury of the county had refused to indict; they also filed informations in the County Court of Shelby county and the County Court refused to issue warrants upon the information, and after having failed to secure a prosecution in every way possible in an action at law resort was then had to a bill in chancery, and it was sustained.   In the case at bar there has been no attempt in any way to prosecute either for a violation of the ordinances in the city courts, to indict by the grand jury, or to prosecute by information before the County Court.   The prosecution in the *Fortner* case, *supra,* was not for a violation of a city ordinance, but for a violation of the Dramshop Act, and the bill was filed by the State's Attorney of Shelby County and the Attorney General of the State of Illinois and prosecuted in the

name of the Attorney General, only after a complete failure to secure prosecutions at law; consequently, the *Fortner* case cannot be considered authority for this prosecution, and we have been cited to no authority by appellee in which a bill in chancery will lie at the first instance to restrain a violation of an ordinance of a city.

The question as to whether or not liquors were sold in violation of the ordinance, whether they were kept, maintained and stored in violation of the ordinance, and whether the premises were occupied for such purposes is a question of fact and upon these questions the defendant is entitled to a trial by jury, and cannot be deprived of such trial by the filing of a bill in chancery by the city of Jacksonville. The ordinance which it is insisted was being violated provides that upon the conviction of any person keeping or maintaining premises where intoxicating liquors are sold in violation of the ordinance, it shall be part of the judgment of the conviction that the place shall be kept shut until a bond with sufficient security in the sum of one thousand dollars shall be provided conditioned that no further violation of the law will be committed at such place, and until either a conviction is had or a sufficient showing, made that the officers whose duty it is to enforce the ordinances refuse to obey the law and that no conviction or trial can be had by reason thereof, a bill in chancery will not lie.

In *Finegan v. Allen,* 46 Ill. App. 553, the Appellate Court of the First District held that an injunction will not be issued to restrain the violation of a city ordinance, that the enforcement of a city ordinance is not one of the functions of a court of chancery, and in *People v. Condon,* 102 Ill. App. 449, that a bill will not lie to restrain the commission of criminal acts, and we fully agree with that court upon this question; and the Supreme Court in *Poyer v. Village of Des Plaines,* 123 Ill. 111 and *Yates v. Village of Batavia,* 79 Ill. 500, have further held that a court of equity

will not restrain by injunction offenders of a violation of an ordinance of the city; and before a bill in chancery will lie to close the place of the defendants as a nuisance, defendants are entitled to a trial by jury upon the question of fact as to whether or not the place is kept in violation of the ordinance and contrary to its provisions.

The motion to dissolve this injunction should have been allowed; to deny it was error. The order of the court denying the motion is therefore reversed, set aside and held for naught, and the cause is remanded to the trial court with directions to enter an order dissolving the temporary injunction.

*Reversed and remanded with directions.*

MR. JUSTICE THOMPSON dissents.