GEORGE H. BANGS, APPELLEE, V. CHARLES F. DWORAK ET AL., APPELLANTS.

FILED FEBRUARY 8, 1906.    No. 14,109.

**Villages: FIRE LIMITS: INJUNCTION.** Injunction will issue to prevent the erection of buildings in violation of a municipal ordinance, though they are not nuisances *per se*, if the persons seeking such injunction show that their erection will work special or irreparable injury to them and their property.

APPEAL from the district court for Antelope county: JOHN F. BOYD, JUDGE. *Affirmed.*

*E. D. Kilbourn,* for appellants.

*N. D. Jackson* and *George F. Boyd, contra.*

DUFFIE, C.

Oakdale is an incorporated village in the county of Antelope. In November, 1904, an ordinance was passed prescribing the limits within which no building or buildings should be erected in said village except of brick, stone or other incombustible material, and providing a penalty for the violation of such ordinance, and for the destruction or removal of any building or buildings constructed or repaired in violation of such ordinance. The ordinance contained a prohibition against the removal of wooden buildings to a lot within the prescribed fire limits. Bangs, the appellee, alleges in his petition that he is the owner of certain lots lying within the fire limits of the village of Oakdale, upon which he resides in a dwelling house of the value of $2,000; that there are other improvements upon the premises consisting of a barn, outbuildings, etc.; that appellant Dworak is the owner of the adjoining premises, also situated within the fire limits of the village, and that Dworak has purchased, and employed the appellant Blesh to move onto his premises, a frame building with a

shingle roof, not constructed of stone, brick or other incombustible material and not covered with a fireproof roof and purposes to locate the same within a distance of 15 feet of the residence of the plaintiff; and that, if allowed to do so, the plaintiff will be damaged on account of the increased danger from fire to his residence and other improvements, and by the enhanced rate of insurance which he will be required to pay by reason of the increased hazard occasioned by the removal and location of said buildings.    He prayed a writ enjoining the defendants from proceeding with the proposed removal.    A temporary injunction was issued, and a motion to dissolve the same overruled by the court.    Thereafter a general demurrer to the petition was overruled, and the defendants electing to stand upon their demurrer, the temporary injunction was made perpetual.    Defendants have appealed.

The appellants insist that a court of equity will not lend its aid to enforce by injunction the by-laws or ordinances of a municipal corporation restraining an act, unless the act is shown to be a nuisance *per se,* and 1 High, Injunctions (4th ed.), sec. 788; *St. Johns v. McFarlan,* 33 Mich. 72; *Phillips v. Allen,* 41 Pa. St. 481; *Attorney General v. Utica Ins. Co.,* 2 Johns. Ch. (N. Y.) 370, and *Trustees of Waupun v. Moore,* 34 Wis. 450, are cited in support of the proposition that a court of chancery has no jurisdiction to restrain the threatened violation of a village ordinance, unless the act threatened to be done, if carried out, will be a nuisance.    It may be conceded that the municipal authorities and a citizen of the village who suffers no special damage from the violation of an ordinance cannot, ordinarily, have the assistance of a court of equity to enjoin a threatened violation thereof.    The reason is plain. In the case under consideration the village authorities may, without judicial authority and on their own motion, tear down a wooden builing erected in violation of an ordinance fixing the fire limits, and a private citizen, not specially damaged, may institute a proceeding to enforce the penalty provided by such ordinance. *Lemmon v.*

*Guthrie Center,* 113 Ia. 36, and authorities cited. Their remedy at law is full and adequate. The facts stated in the appellee's petition, and which are admitted by the demurrer, show that he would sustain special damage, not suffered by the public at large, in consequence of the proposed removal of the house to the near vicinity of his own residence. In such case equity will interfere to protect him against the threatened injury. *First Nat. Bank v. Sarlls,* 28 Am. St. Rep. 185, 129 Ind. 201. In the case cited it is said: "Injunction will issue to prevent the erection of buildings in violation of a municipal ordinance, though they are not nuisances *per se,* if the persons seeking such injunction show that their erection will work special or irreparable injury to them and their property." This case was followed by the supreme court of Illinois in *Griswold v. Brega,* 160 Ill. 490, 52 Am. St. Rep. 350; and these cases are in line with the general equitable rule that one may have relief in a court of equity against an act from which he would suffer special damages or injury not common to the public at large.

We recommend an affirmance of the decree appealed from.

ALBERT, C., concurs. JACKSON, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is

AFFIRMED.