### 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

## LANDON AND OTHERS V. KWASS AND OTHERS.

### September 19, 1918.

#### Absent, Burks, J.

1. INJUNCTION — *Jurisdiction* — *Violation of Town Ordinance.*— Equity will not restrain an act merely because it is in violation of a town ordinance; but where the violation of the ordinance results in special and irreparable injury to private property, the owner is entitled to injunctive relief.

2. INJUNCTION—*Irreparable Damage—Fire Limits.*—Increase in fire risk and cost of insurance, caused by the erection, in violation of a town ordinance, of a wooden instead of a brick wall adjoining appellants' building, does not result in such special and irreparable damage to appellants' property as to entitle them to injunctive relief.

3. INJUNCTION—*Violation of Fire Limits Ordinance—Discretion of Council.*—Appellees erected a wooden instead of a brick wall on their premises adjoining the property of appellants. There could be no doubt that the appellees would have had the right to do what they did but for the provisions of a town ordinance. The ordinance itself was fully warranted by the charter of the town, and reserved to the council the discretion to determine whether a building erected in violation thereof should be torn down. Since the appellants are dependent entirely for their standing in court upon the ordinance, it would seem clear that they could not call upon a court of equity to exercise a discretion which that ordinance expressly reserved to the town council; therefore, a court of equity has no jurisdiction to grant a mandatory injunction against such wall.

Appeal from a decree of the Circuit Court of Tazewell county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Greever, Gillespie & Divine,* for the appellants.

*Minter & Minter* and *E. H. Butts,* for the appellees.

KELLY, J., delivered the opinion of the court.

The town of Pocahontas, under authority conferred by its charter, fixed and prescribed fire limits and passed the following ordinance in regard thereto:

"No person, firm or corporation shall be allowed to erect any building or structure within the fire limits of said town mentioned in the foregoing section of this chapter, except the same may be of brick or stone, and the outside walls of such building shall be as follows: For one story building not less than thirteen inches thick; for a two story building, not less than thirteen inches for the first story and not less than thirteen inches for the second * * * Any person, firm or corporation who shall violate any of the provisions of this section shall be fined not less than ten dollars nor more than thirty dollars for each day of such violation, and in the discretion of the council the said building or structure shall be torn down."

The appellants, Landon and others, owned a two-story frame building, and the appellees, Norman Kwass and Sol Kwass, owned an adjoining two-story brick building. Both buildings were within the fire limits. Owing to the defective condition of the foundation under the adjoining brick wall, it became necessary to remove and reconstruct that wall. Appellees applied to the building committee of the town council for permission to construct the new wall out of wooden material, and the permission was granted over the protest of the appellants. The authority of the building committee to grant such permit is, as we think, successfully

challenged by the appellants. As soon as the appellees began
the erection of the new wall out of wooden material, appel-
lants applied for an injunction, the main prayer of the bill
being, "that an injunction be issued, enjoining and restrain-
ing the said Norman Kwass and Sol Kwass, and their agents
and employees, from erecting said wall of said building out
of frame or wooden material, and out of any material other
than brick or stone, as provided in the ordinance of said
town, and to require the said Norman Kwass and Sol Kwass
to remove said wall, or any part thereof which may have
been erected out of any material other than brick or stone."

The application was heard in vacation, and an order was
entered, the substance of which was as follows: "* * *
the judge of said court being of the opinion that complain-
ants are entitled to the injunction prayed for in said bill,
it is therefore adjudged, ordered and decreed that the said
Sol Kwass and Norman Kwass, and their agents and em-
ployees be and they are hereby enjoined and restrained
from erecting or building out of wooden or frame material
or out of any material other than brick or stone, the north
wall of their building upon the lot set out and described in
the bill in this case. * * * * And the question as to
whether a mandatory injunction should issue is deferred
till the hearing of the cause on the merits and on the hear-
ing the court will pass on the question as to whether or not
the wall in controversy shall be removed."

After the cause had been duly matured for final hearing,
the court entered the decree appealed from, which, so far
as material, was as follows: "* * * the court is of the
opinion and doth so adjudge, order and decree that the in-
junction heretofore granted in this cause was properly
granted, but that it has been shown by the evidence that the
wall in the bill mentioned and the construction of which
said injunction enjoined and prohibited has been actually
completed; that there is vested in the town council of the

town of Pocahontas, under the charter of said town, a discretion as to whether or not a wall erected contrary to the provisions of the charter within the fire districts of said town shall be torn down and removed, and as said town council has never exercised its discretion in this instance by ordering said wall to be torn down and removed, it is not proper for this court to grant a mandatory injunction, requiring the defendants to tear down and remove said wall, and therefore such mandatory injunction is refused, that as the injunction heretofore awarded in this cause was at that time properly awarded, the defendants should pay the costs of this suit, and it is therefore further adjudged, ordered and decreed that the complainants recover of the defendants their costs in this behalf expended."

The grounds upon which the jurisdiction in equity is invoked are that the erection of the wall violates the ordinance, and that it causes a special and continuing damage to the adjacent property by reason of the resulting increase in fire risk and cost of insurance.

It is contended by the appellees that the ordinance was not violated because the reconstruction of the wall did not amount to the "erection" of "any structure or building." Without so deciding, we may, for the purposes of this discussion, assume as a fact that this contention is untenable and that the appellees violated the ordinance; and it is expressly proved and not controverted that the substitution of a wooden for a brick wall will increase the danger from fire and the insurance rate. The question, then, is, do these facts entitled the appellants to injunctive relief?

Equity will not restrain an act merely because it is in violation of a town ordinance; but where the violation of the ordinance results in special and irreparable injury to private property, the owner is entitled to injunctive relief. 20 R. C. L., sec. 46, p. 431; *Id.*, sec. 89, p. 474; 22 Cyc. 902; *St. Johns* v. *McFarlan*, 33 Mich. 72, 20 Am. Rep. 671; *Houl-*

ton v. Titcomb 102 Me. 272, 66 Atl. 733, 120 Am. St. Rep. 492, 10 L. R. A. (N. S.) 580; *Bangs* v. *Dworak,* 75 Neb. 714, 106 N. W. 780, 13 Ann. Cas. 202, 5 L. R. A. (N. S.) 493.

It follows, therefore, that if the erection of the wall in question will result in special and irreparable damage to the appellants' property, they are entitled to an injunction; otherwise not. The damage alleged and proved is an increased fire risk and a higher insurance rate. There are authorities holding that such allegation and proof is sufficient to warrant the relief. See, for example, *Kaufman* v. *Stein,* 138 Ind. 49, 37 N. E. 333, 46 Am. St. Rep. 368; *Bangs* v. *Dworak,* 75 Neb. 714, 106 N. W. 780, 5 L. R. A. (N. S.) 493, 13 Ann. Cas. 202. We are of opinion, however, that the better view is to the contrary.

In *Hagerty* v. *McGovern,* 187 Mass. 479, 73 N. E. 536, it is said: "The wooden wall would be less of a protection in case of fire, and even might be a source of danger in that respect. But the use of land for building is one of the incidents of ownership. The erection upon it of structures which in themselves are not noxious or unusually dangerous is not a use in violation of the private rights of an adjoining owner, even if in some degree the enjoyment of the adjacent land is made less complete or beneficial than if the land were bare. The breach of the ordinance by the defendant is not an invasion of the plaintiff's private right. All the injurious results of the erection of the defendant's building come, not from the violation of the ordinance, but from the use of the land for building. The plaintiff shows no peculiar damage due to the breach of the ordinance, and no right to have private relief because of its violation."

In the case of *Rhodes* v. *Dunbar,* 57 Pa. 274, 98 Am. Dec. 221, the court, in denying an injunction to prevent the reconstruction of a planing mill, and dealing specially with an alleged damage to neighboring property by increased insurance rates, said: "But it is stated very distinctly in Story's

Equity Jurisprudence, section 325, that mere diminution in the value of property, without irreparable mischief, will not furnish any foundation for equitable relief. * * * That is to say, the mere diminution, irrespective of any direct damage, is not a ground for injunction. On this principle the diminution by reason of increase of insurance, if it really exists, is no ground for the interference sought."

In the case of *Chambers* v. *Cramer,* 49 W. Va. 395, 38 S. E. 691, 54 L. R. A. 545, the court approves the holding of *Rhodes* v. *Dunbar, supra,* to the effect that the increase of the rate of fire insurance upon neighboring property is not a sufficient ground for an injunction to restrain the erection of the structure producing this result.

In 29 Cyc., page 1193, it is said: "But danger from fire is not a sufficient injury to call for an injunction to prevent the erection of a lawful structure, or the carrying on of a lawful business in a proper manner, nor is a structure rendered a nuisance by the mere fact that its presence enhances the rates of insurance on neighboring property." In a note to the text just quoted, it is said: "It is not a ground for equitable relief against the erection of a proposed building that such building will increase the rates of insurance on neighboring buildings. *Siskiyou Lumber, etc., Co.* v. *Rostel,* 121 Cal. 511, 53 Pac. 1118; *Gallagher* v. *Flury,* 99 Md. 181, 57 Atl. 672; *Rhodes* v. *Dunbar,* 57 Pa. 274, 98 Am. Dec. 221. *Contra, Kaufman* v. *Stein,* 138 Ind. 49, 37 N. E. 333, 46 Am. St. Rep. 368." See also, *Benton* v. *Elizabeth,* 61 N. J. Law, 411, 39 Atl. 683, 906, and 61 N. J. Law, 693, 40 Atl. 1132.

In the light of the forgoing authorities, it would seem especially clear that no injunction ought to issue in the instant case. There can be no doubt that the appellees would have had the right to do what they have done but for the provisions of the town ordinance. The act was unlawful only because of those provisions. The ordinance itself, which was fully warranted by the charter of the town, re-

serves to the council the discretion to determine whether a building erected in violation thereof shall be torn down. Since the appellants are dependent entirely for their standing in court upon the ordinance, it would seem clear that they cannot call upon a court of equity to exercise a discretion which that ordinance expressly reserved to the town council.

We find no error to the prejudice of the appellants in the decree complained of, and the same is affirmed.

*Affirmed.*