# Richmond

JAMES T. MEARS AND ZEDOCK S. MEARS v. COLONIAL BEACH.

March 12, 1936.

Present, All the Justices.

The opinion states the case.

*W. W. Butzner,* for the appellants.

*Wat T. Mayo,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

This is a suit in equity wherein the town, of Colonial Beach seeks to enjoin James T. Mears and Zedock S. Mears from reconstructing a certain pier, and maintaining and operating thereon a beer garden, beyond low water mark off the southern shore of the Potomac river and opposite the said town. The allegation is that the pier is being erected, and the beer garden is to be operated, contrary to the provisions of an ordinance of the town. From a decree granting the injunction prayed for this appeal has been taken.

The stipulation of facts, on which the matter was heard below, shows that the town of Colonial Beach is located on the south side of the Potomac river in Westmoreland county, Virginia. It was chartered by the General Assembly in 1892 and is vested with the usual power and authority granted to local governments of incorporated communities of less than 5,000 inhabitants. It is empowered to regulate the building of piers, wharves and bath houses, to establish bathing regulations, and generally to enact such sanitary measures as will protect the health of its citizens.

In the early summer of 1933, after obtaining the neces-

sary permit from the War Department, James T. Mears and Zedock S. Mears, the defendants below, erected on piles driven in the river bed thirty-nine feet beyond low water mark, a building termed by them a "beer garden." With the permission of the landowner a board walkway was constructed from the "beer garden" to a point on the shore within the town limits.

In July, 1933, the two defendants, under a permit and license from the State of Maryland, began operating in the building a stand for the sale of beer, soft drinks, tobacco, sandwiches, and the like. Claiming that said structure was entirely within the State of Maryland and not within the State of Virginia, no permit or license for the operation of said business was sought or obtained from either the State of Virginia or town of Colonial Beach authorities.

On August 23, 1933, a storm swept away the superstructure leaving only some of the sills and piles on which the building had rested. The next day the town council of Colonial Beach enacted the following ordinance:

"BE IT ORDAINED by the Town Council of Colonial Beach, Virginia, that it shall be unlawful for any person to erect any sort of structure in, or upon the shore of the Potomac river beyond low water mark opposite the Town of Colonial Beach, or to operate any beer garden, bar room or any other sort of business in or upon said shore front without a permit from the said Town Council first obtained.

"Any violation of this ordinance shall be punishable by a fine of not less than $10.00 nor more than $50.00 in the discretion of the Mayor or trial court."

To prevent the threatened reconstruction of the said pier and the reopening of the business formerly conducted thereon, in violation of said ordinance, the present suit was instituted and the injunction prayed for was granted.

■ The correctness of the decree is challenged on two grounds:

(1) Equity has no jurisdiction to grant the relief sought;

the proper remedy, if any, is a criminal prosecution for the alleged violation of the ordinance.

(2) The low water mark on the south side of the Potomac river is the boundary line between Maryland and Virginia, hence the structure in question is located, and the business thereon is conducted wholly within the State of Maryland, and the town of Colonial Beach is without authority to legislate as to either.

Having reached the conclusion that the appellants' first point is well taken and disposes of the case, it will not be necessary that we express any opinion on the second.

While the bill of complaint alleges that the threatened acts of the defendants constitute "a menace to the health and safety of the inhabitants of the town and were a grievous nuisance," this is categorically denied in the answer. The stipulation of facts is entirely silent on the subject. Nor does the ordinance itself provide that the construction of the pier and the operation of the business would constitute a nuisance.

There is no claim that the pier interferes with navigation. Indeed, the agreed facts show that it was erected pursuant to authority granted by the War Department which has jurisdiction over such matters. There is not the slightest suggestion in the evidence that the threatened acts would result in special or irreparable injury to public or private rights or property.

The gist of the town's case, as made out by the evidence, is that the defendants' threatened acts are unlawful merely because they would violate a town ordinance; that the defendants should be restrained from rebuilding a structure and conducting a business therein contrary to a town law which in express terms provides a punishment for the things about to be done.

It is well settled that "Equity will not restrain an act merely because it is in violation of a town ordinance," (*Landon* v. *Kwass*, 123 Va. 544, 547, 96 S. E. 764, 765), or a criminal statute (*Turner* v. *Hicks,* 164 Va. 612, 615, 180 S. E. 543). See also, 14 R. C. L., p. 376, section 78; 32 C. J.,

pp. 275, 276, section 438; McQuillan on Municipal Corporations (2d Ed.), vol. 2, section 852, p. 888.

It is true that equity will enjoin the violation of a criminal law or a penal statute where the commission of the act will result in special and irreparable injury to property rights. But this is not because of the criminal feature but in spite thereof. The criminality of the act gives no right to the injunction. 14 R. C. L., p. 377, section 79.

The distinction is well illustrated by two cases which have been before this court. In *Landon* v. *Kwass,* 123 Va. 544, 96 S. E. 764, we upheld the denial of an injunction sought to restrain the violation of a town ordinance regulating the type of building construction within a certain zone, where the evidence failed to show any resulting special or irreparable damage to complainant's property. While in *Long's Baggage Transfer Company* v. *Burford,* 144 Va. 339, 132 S. E. 355, an injunction was awarded to restrain the violation of a city ordinance regulating the operation of taxicab stands, where it appeared that the breach of the ordinance would have resulted in special damages to property rights, difficult or impossible to ascertain. To the same effect, see *Turner* v. *Hicks,* 164 Va. 612, 180 S. E. 543.

Nor can the threatened acts and violation of the ordinance in the instant case be enjoined on the theory that they constitute a nuisance.* They do not amount to such *per se,* and there is an entire lack of evidence showing them to be such in fact. In such cases "Equity will not, at the suit of a municipality, restrain violations of municipal penal ordinances, if such violations do not amount to public nuisances, *per se,* but will leave the municipality to enforce its remedy at law,* * *." 40 A. L. R., p. 1170, note; *Olson* v. *Platteville,* 213 Wis. 344,

---

*Sections 4675 (89), 4675 (90) of the Code, declaring that places where intoxicating liquors are sold are nuisances, and providing for injunctions against the operation and maintenance of them as such, were repealed by the Acts of 1934, at page 135, before the institution of this suit.

251 N. W. 245, 249, 91 A. L. R. 308, 315; *Elizabeth City* v. *Aydlett,* 198 N. C. 585, 152 S. E. 681.

■ "Where the thing complained of is not a nuisance *per se* or *prima facie,* the burden is upon the plaintiff to show that it is a nuisance in fact." 46 C. J., p. 787, section 410; 20 R. C. L., p. 463, section 79. This burden has not been sustained in the instant case.

It follows that the acts complained of here cannot be enjoined merely because they violate a penal ordinance of the town. Accordingly the decree complained of is reversed and the cause is dismissed without prejudice to the right of the town to pursue its remedies at law against the defendants.

*Reversed and dismissed.*