T. E. KNIGHT,

*Plaintiff and Appellant,*

vs.

CITY OF RIVERTON, a Municipal Corporation,
FRED STRATTON, Mayor of said City of River-
ton, PAUL HUGHES, EMMETT OSBORNE, PAUL
CALDWELL, W. L. CALEY, WAYNE ROSS and
ED VON KROSIGK, members of the City Council,
W. E. GRENIER, City Engineer, E. H. STEFFY,
City Clerk, JOHN A. NELSON, MARTIN BER-
TAGNOLE and NICKS MOTOR COMPANY, a
Corporation,

*Defendants and Respondents.*

(No. 2594; July 21st, 1953; 259 Pac. (2d) 748).

For the plaintiff and appellant the cause was submitted upon the brief and also oral argument of W. M. Haight of Riverton, Wyoming.

For the defendants and respondents the cause was submitted upon the brief of Moran and Murphy of Riverton, Wyoming, and oral argument by R. Lauren Moran.

462

## OPINION

BLUME, Chief Justice.

This is an action brought for the purpose of removing a popcorn stand seven feet by fourteen feet from the fire limits of Riverton of this state. T. E. Knight is the plaintiff in this case. Defendants are the City of Riverton and the officials thereof and the owners of the property to which the popcorn stand was moved namely, lot 24 in block 9 of the City of Riverton, and John A. Nelson, the owner of the popcorn stand involved herein. A temporary injunction was issued in the case. Trial was had to the court without a jury and the court found for the defendant and vacated the temporary injunction issued herein. Plaintiff has appealed.

Plaintiff's petition was filed on May 26, 1952. It alleged that the popcorn stand above mentioned had been moved into the fire limits of the City of Riverton on May 22, 1952, contrary to Ordinance No. 209 of the city; that the City Engineer of Riverton on May 20, 1952, issued a permit to John A. Nelson to move the popcorn stand above mentioned; that the issuance of the permit was illegal and contrary to the ordinance of the city; that the popcorn stand was moved as above mentioned without the consent of the city council; that plaintiff is a taxpayer; that the popcorn stand does not comply with the provisions of Ordinance No. 209. Plaintiff prayed that an order be issued declaring the popcorn stand a nuisance and that it be removed from the fire limits as above mentioned. A copy of Ordinance No. 209 was attached to the petition. Section 198 thereof provides that lot 24 in block 9 above mentioned is within the fire limits of the City of Riverton.

Section 199 provides as follows:

"ERECTION IN OR REMOVAL INTO FIRE DIS-TRICT OF BUILDINGS. It shall be unlawful for any person, firm or corporation to erect, construct or remove from its present location therein to any other location therein, or to remove from any place outside of to any lot or lots within said district as described and set forth in Section 2 of this ordinance, any house, building, shed or other structure unless the same shall be constructed as hereinafter provided, and unless a building permit therefor shall have first been obtained from the building inspector as provided by the ordinances of the town. It is within the discretion of the town council of the town of Riverton as to whether or not such permit shall be granted for such building to be erected or constructed or moved into said fire district or moved from one location therein to another location therein, and at no time shall such a building be permitted where it will increase the fire hazards of any building or buildings now constructed in said fire limits. It is further provided that in the event any building or buildings are moved into said fire limits or constructed or erected therein without a permit and the consent of the town council, the said building shall be declared a nuisance and to be removed according to law, and the party or parties violating this ordinance shall be subject to the further penalties as hereinafter provided." Another section provides that the foundation should be of masonry or concrete. A further section provides that the walls of the structure of a building within the fire limits shall have walls of eight inches if the building is one story high.

The City of Riverton and its officials appeared in the case denying the allegations of the petition generally and alleging that the removal of the popcorn

stand of John A. Nelson into the fire limits of the city was at the discretion of the city council and that the council had determined that the structure does not and will not constitute a fire hazard and approved the placing of it as above mentioned and that the permit issued was in compliance with the ordinance of the city. John Nelson answered that he is the owner of the popcorn stand herein involved; that it is of steel and glass construction; that in March 1952, he requested the permission of the Mayor and City Council to move the popcorn stand to lot 24 in block 9; that he obtained permission of the adjacent property owners and the Zoning Commission and the City Engineer, that the latter issued a permit to him on May 20, 1952; that thereafter, on June 2, 1952, the Mayor and City Council ratified the previous action and consented to the moving and location of the popcorn stand where it was moved as above mentioned. He denied the allegations of the petition generally in other respects. The remaining of the defendants appeared and answered that the popcorn stand was moved in accordance with a permit duly issued.

The evidence herein shows that the popcorn stand in question is of steel and glass construction but that its walls are not of the thickness mentioned in Ordinance 209. It was moved onto lot 24 in block 9 in the City of Riverton and was temporarily placed onto the lot on a wooden foundation. The defendant Nelson fully explained why that was done and he testified that he was prevented from constructing a fire proof foundation by reason of the temporary injunction which was issued in the case. Hence we shall not consider the temporary foundation of the popcorn stand any further in this case. It further appears that Nelson appeared before the council in March 1952. At that time the Building Inspector was directed to in-

vestigate the matter. He required the defendant to obtain consent of the Zoning Commission, which in turn required him to obtain the consent of the adjacent property owners. The consent was obtained although in a somewhat informal manner. The Zoning Commission thereupon gave its consent for the moving of the popcorn stand onto the lot above mentioned. Subsequently, on May 20, 1952, the Building Inspector and the City Engineer issued a permit for placing the property in question here as above mentioned. On June 2, 1952, the city council approved the action of the engineer in issuing the permit to the defendant Nelson. Before that approval was obtained and on May 26, 1952, shortly after the defendant John A. Nelson had moved his popcorn stand on the lot above mentioned, the plaintiff herein brought this action. There is little conflict in the evidence. A few additional facts will be mentioned hereafter.

The petition of counsel for appellant is as follows: "We present an ordinance, a fire ordinance, which contains certain definite provisions relative to the manner of issuance of building permits thereunder, and the types of construction permissible thereunder. We show by competent evidence that this ordinance has been violated in two particulars: improper issuance, and failure to comply with construction restrictions. With proof of these facts we have made out our case and are entitled to the injunctive relief as prayed for in plaintiff's petition." In other words, it is the contention of counsel that any private individual has been constituted a watch dog to see that the ordinances of a municipality are enforced. In this contention counsel goes too far, in the absence of legislative provisions to that effect. Thus it has been held in State v. Vandyne, 159 Kan. 378, 155 P. (2d) 458, that a county attorney has no power to enforce a zon-

ing ordinance in connection with the erection of an ice plant, but that generally a city has exclusive powers to enforce its ordinance. In First National Bank of Mt. Vernon v. Sarlls, 129 Ind. 201, 203, the court stated: "As a rule, a court of equity will not, at the suit of a city, restrain by injunction the threatened violation of an ordinance of such city regulating the erection of buildings for the purpose of greater security against damage by fire. * * * Nor will the courts thus interfere, at the suit of an individual, when such interference is sought solely for the enforcement of the ordinance, and not because of special damage threatening the party asking such interference." In Shelton v. Lentz, 191 Mo. App. 699, 178 S. W. 243, 244, the court stated: "It may be conceded that the general rule is that equity will not interfere to restrain the violation of a municipal ordinance, nor to prevent the commission of a crime, at the instance merely of a citizen who suffers no special or peculiar injury from the doing of the act sought to be restrained, different from that suffered by any other citizen. * * * Nor will a suit in equity lie at the instance of an individual when brought solely for the enforcement of the ordinance and not because of any special or peculiar damage threatened to the plaintiff." In the case of Green v. Lake, 54 Miss. 540, 545, the court stated: "To abate a public nuisance, the public authority must move. A private action, either at law or in equity, will not lie, unless the plaintiff has sustained some special damage. * * * The complainant must sustain a special or peculiar damage,—an injury distinct from that done to the public at large." Numerous other authorities to the same effect might be cited.

In some earlier cases it was held that: "Courts of equity will not enjoin an act which would otherwise be lawful, but which is made unlawful by an ordi-

nance or by-law of a city or town, unless the act is shown to be a nuisance per se." Warren v. Cavanaugh, 33 Mo. App. 102, 108; Rice v. Jefferson, 50 Mo. App. 464; Village of St. Johns v. McFarlan, 33 Mich. 72; President & Trustees v. Moore, 34 Wis. 450; Finegan v. Allen, 46 Ill. App. 553, 561; Whitridge v. Calestock, 100 Misc. 367, 165 N.Y.S. 640. In Stilwell v. Buffalo Riding Academy, 21 Abb. N.C. 472, 4 N.Y.S. 414, 417, speaking of the violation of a city ordinance the court stated: "But this is a police regulation only, subject to the control, modification, and enforcement of the city. No remedy otherwise than through the intervention of the city authorities has been created or reserved to the owners or occupants of adjacent property. It is for the common council to exercise its judgment as to what shall be done. It may order the removal of so much of this building as has been erected with wood, or it may sanction the erection of that part of the building and legalize it by suitable action taken on its part. Which of these acts it may do is solely confided to its own election. No remedy because of the violation of the charter and ordinance in this respect is reserved to the adjacent owner; neither has he been permitted by anything contained in either the charter or the ordinance to restrain the erection or use of a building in this manner." A nuisance per se, as mentioned in the foregoing case is defined in 39 Am. Jur. 289, as "an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." Under more recent decisions, however, an injunction may issue at the behest of a private party sustaining special injury, if a structure, though not a nuisance per se, is a nuisance under the particular circumstances or conditions or location. Bangs v. Dworak, 75 Neb. 714, 106 N. W. 780, 5 LRA (NS) 493, and cases cited in note there-

to; Fitzgerald v. Merard Holding Co., 106 Conn. 475, 138 A. 483, 54 ALR 361; Shelton v. Lentz, 191 Mo. 699, 178 S.W. 243, 245, (overruling earlier Mo. App cases); Harris v. Poulton, 99 W. Va. 20, 127 S.E. 647, 651, 40 ALR 334. See also cases citing Bangs v. Dworak, supra, favorably. The note to that case in 5 LRA (NS) 494 adds, however: "But an injunction will not be issued to restrain the mere violation of a city ordinance, the enforcement of such not being one of the functions of a court of chancery." And in 66 C.J.S. 749, it is stated: "It has generally been held that the violation of a municipal ordinance does not constitute a nuisance per se; nor does it constitute a public nuisance."

The modern rule on the subject before us is stated in 39 Am. Jur. 378, § 124, as follows: "As a general rule, a public nuisance gives no right of action to any individual, but must be abated by a proceeding instituted in the name of the state, or at the suit of some proper officer or body as its authorized representative. Nor as a rule can an individual recover damages for a public nuisance. The public alone may complain of nuisances of this character which are not productive of special injury to any particular individual, and citizens and taxpayers have no standing as such for championing the rights of the public in this respect. Except where the rule has been changed by statute an individual may bring an action on account of a public nuisance when and only when he can show that he has sustained therefrom damage of a special character, distinct and different from the injury suffered by the public generally. Otherwise stated, an individual who has suffered some special damage by reason of a public nuisance, different from that sustained by the general public, may maintain a suit in equity for an injunction to abate it, or an action for the damages

which he has sustained, but unless he has suffered such an injury, he cannot maintain either a suit in equity to enjoin the nuisance or an action to recover damages because of it."

In 66 C.J.S. 832, § 78, it is stated: "While the mere violation of a municipal ordinance does not constitute a nuisance, if the actual thing is a nuisance or in the nature thereof and it is done or maintained in violation of a municipal ordinance, it may constitute such nuisance as against which relief may be obtained by one who suffers special and peculiar injury of an irreparable nature therefrom." See also 66 C. J. S. 856, § 106, and 64 C.J.S. 958, § 2143.

It appears then, in order that a party may complain of a building or structure, that two things are necessary, namely first that the structure is a nuisance or in the nature of a nuisance under the particular circumstances (which in this case could only be by reason of the fact that the structure in question is a fire hazard); second that the party has sustained special and irreparable injury. The evidence in this case fails to show that plaintiff has sustained any injury by reason of the popcorn stand. He is not affected as a taxpayer, since his taxes would not be increased, but, if anything, would be diminished to some extent. The structure of steel and glass is not a fire hazard of which we may take judicial notice. It is not considered such either by the city or the adjacent property owners. The fact that fire is used to prepare popcorn does not make it a fire hazard any more than a restaurant in which fire is used to prepare edibles. The properties owned or controlled by the plaintiff are across the street some 150 to 200 feet away from the popcorn stand on lot 24 in block 9 as above mentioned. If there is any injury to the plaintiff at all, it is by

reason of the fact that plaintiff himself seems to be selling popcorn or edibles sold at a popcorn stand, but public policy would not permit us to consider any possible loss from fair competition as a special damage under the rules of law above mentioned.

We should, before closing, call attention to the case of Landon v. Kwass, 123 Va. 544, 96 S.E. 764, 766. In that case the city provided by ordinance for constructing buildings which were not a fire hazard. The ordinance provided a penalty for violating it, but made the following reservation: " ' * * * and in the discretion of the council the said building or structure shall be torn down.' " An action for injunction was brought to prevent the erection of a building in violation of the ordinance. It was held that no such action was available in view of the reservation above mentioned. The court stated among other things: "There can be no doubt that the appellees would have had the right to do what they have done, but for the provisions of the town ordinance. The act was unlawful only because of those provisions. The ordinance itself, which was fully warranted by the charter of the town, reserves to the council the discretion to determine whether a building erected in violation thereof shall be torn down. Since the appellants are dependant entirely for their standing in court upon the ordinance, it would seem clear that they cannot call upon a court of equity to exercise a discretion which that ordinance expressly reserved to the town council."

By examining § 199 of Ordinance 209 of the City of Riverton, a similar situation as that in the Virginia case seems to confront us. It has been mentioned above that the city council thought that it was in its discretion as to whether or not the popcorn stand above mentioned should be permitted to be erected within

the fire limits. We are inclined to believe, after examining the ordinance carefully that this construction thereof is permissible. The council reserved the right to determine whether any permit should be issued for moving buildings into the fire district. It did not reserve the right to permit such moving, if the structure is in fact a fire hazard. That seems to be the only limit to its discretion. If the reservation means anything at all, it would seem to mean that if the structure or building is in fact not a fire hazard, other structural conditions, including the thickness of walls might be waived. That interpretation is strengthened by the last clause of Section 199, supra. That provides that a building should be declared a nuisance if no permit and consent of the council had been obtained. The basis of the nuisance was then (1) absence of a permit and (2) absence of the consent of the council. The inference then is clearly permissible that a structure should be considered a nuisance only in the absence of the permit and the consent stated in the ordinance.

Counsel for the plaintiff also contends that since the defendant Nelson did not obtain the approval of the council to the permit before the temporary injunction was issued herein, its subsequent approval was invalid. Counsel have failed to cite us to any authority to that effect, and there does not seem to be any merit in that contention so far as the case before us is concerned. The ordinance does not state whether the consent of the council should be obtained before, simultaneous with, or after the execution of a permit. A subsequent approval would, as in the case of ratification, be equivalent to previous authorization. See Farmers' State Bank v. Haun, 30 Wyo. 322, 340, 222 P. 45. What, if any, bearing the fact that the approval was subsequent to the issuance of a temporary injunction should have in penalizing plaintiff for hav-

ing a temporary injunction issued need not be determined herein.

It seems to be conceded herein that the popcorn stand in question was not in violation of the zoning ordinance of the City of Riverton. Counsel for the plaintiff, however, contends that ordinance is invalid. From what has been stated above, we do not think it is necessary to decide that contention. We find no reversible error in the record, and the judgment of the trial court should be and is affirmed.

Affirmed.

RINER, J., and HARNSBERGER, J., concur.