## CIRCUIT COURT OF LOUDOUN COUNTY

Joseph Shepard
and Jefferson Hawkins

v.

AOC/VNC Partnership

March 3, 2003

Case No. (Chancery) 22155

By Judge James H. Chamblin

This cause came before the Court on February 20, 2003, for argument on the Demurrer of the Defendant, AOC/VNC Partnership, to the Bill of Complaint filed herein by the Plaintiffs, Joseph Shepard and Jefferson Hawkins, seeking enforcement of a conservation easement, relief for violation of county ordinances, trespass, and nuisance.

At the conclusion of the argument, the Demurrer to Count I: Enforcement of Conservation Easement was sustained with leave to replead. The Demurrer as to Count III: Trespass and Count IV: Nuisance was overruled. The Demurrer as to Count II: Violation of County Ordinance was taken under advisement.

For the reasons hereinafter set forth, the Demurrer to Count II: Violation of County Ordinance is sustained with leave to replead.

In Count II, the Plaintiffs seek relief because of alleged violations by the Defendant of several sections of the Loudoun County Zoning Ordinance. The Defendants in their Demurrer to this count assert that the Plaintiffs have no private right to enforce restrictions imposed by the Loudoun County Zoning Ordinance, and, therefore, they have no standing to seek such relief.

The Plaintiffs allege that the Defendant has placed debris piles on its property or on an easement serving the parties' properties and that the debris piles constitute a violation of several provisions of the Loudoun County

Zoning Ordinance. The Plaintiffs ask for various forms of injunctive relief for the alleged violations.

As a general rule, a penal statute or ordinance does not automatically create a private right of action, and equity will not enter an injunction merely because such a statute has been violated. *Black & White Cars, Inc. v. Groome Transportation*, 247 Va. 426, 430 (1994). But this rule is qualified by the long-standing principle that an injunction is appropriate relief where violation of the penal statute or ordinance results in special damage to property rights which would be difficult to quantify. *Black & White Cars, Inc.*, 247 Va. at 430.

The Plaintiffs argue that they are specially damaged by the debris piles and that their damages would be difficult to quantify. I do not agree. I also think that the Plaintiff's have not sufficiently pleaded violations of the ordinance.

The Plaintiffs allege a violation of three sections of the Loudoun County Zoning Ordinance: Section 2-108(A) (non-agricultural uses not permitted for certain reasons), Section 4-1503(A) (alteration in flood plains), and Section 4-1505(A) (1) (permitted agricultural uses in flood plains).

Section 2-108(A) provides, "[N]o non-agricultural use shall be permitted which, because of its nature, location, or manner of operation, is dangerous or noxious because of noise, odor, fumes, gas, glare, light, vibration, smoke, emission of particulate matter or effluents, or for other similar reasons."

The Plaintiffs have not alleged that the debris piles are dangerous or noxious because of any of the reasons enumerated in the section. The ordinance does not apply merely because the debris is placed in a highly visible location or has been left to decompose as alleged by the Plaintiffs.

Sections 4-1503 and 4-1505 only apply to flood plains. The Plaintiffs have not alleged that the debris piles are located in a flood plain.

The cases cited in *Black & White Cars, Inc.* as authority for the exception to the general rule are primarily franchise cases. In such cases, it is clear that damages for interference with a franchise are difficult to quantify. It would be difficult to determine exactly what business was lost because another interfered with a franchise awarded under an ordinance.

In this cause, I think that the Plaintiffs' damages would not be difficult to quantify. The cost of removing the debris piles and restoring the land to its prior condition could easily be determined.

The cases cited in *Black & White Cars, Inc.* as authority for the exception are *Mears v. Colonial Beach*, 166 Va. 278 (1936); *Turner v. Hicks*, 164 Va. 612 (1935); and *Long's Baggage Transfer Co. v. Burford*, 144 Va.

339 (1926). *Turner* and *Long's Baggage* are franchise interference cases. *Mears* is an ordinance violation case, but it does not involve a private right of action. *Mears* concerns the general rule and the exception when a town sought to enjoin violation of one of its ordinances.

The opinion in *Mears* cites *Landon v. Kwass*, 123 Va. 544 (1918), which I think is very instructive. In *Landon*, the owner of a brick building sought an injunction to prohibit an adjacent landowner from erecting a wooden wall in violation of a town ordinance. The trial court found no special or irreparable injury to property and denied the injunction. The Supreme Court of Appeals of Virginia affirmed the trial court finding that an increased fire risk and cost of insurance does not result in special and irreparable damage.

The Plaintiffs have not alleged any special and irreparable damage (or damages that are difficult to quantify) due to the alleged zoning ordinance violations.

The Demurrer is sustained as to Count II: Violation of County Ordinance.

The Plaintiffs are granted until March 24, 2003, to file an amended bill of complaint, and the Defendant shall file its responsive pleadings to the amended bill of complaint within twenty-one days of its filing.