LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Edward J. Pillis

   v.

Andrew Thurman Nash, etc., et al.

July 16, 1973

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today which sustains in part and overrules in part the respective demurrers of the defendants Fisher, Schultz, Goode and Burton.

The order also provides for production of documents as requested in the motion therefor of the defendants Schultz and Goode.

In this suit brought on the equity side of the court, the plaintiff, who asserts he is duly licensed and qualified "to transact taxicab business in the City of Richmond," seeks a permanent injunction enjoining the defendants from, among other things, "illegally operating taxicabs in the City of Richmond or otherwise creating or continuing a public nuisance." He also seeks a declaratory judgment, and "real" and punitive damages.

The defendants take the position that the complaint ("motion for judgment") fails to state a cause of action because: the plaintiff has no exclusive right under the applicable ordinances and case law to operate taxicabs in the City; that City Code § 38-78

is a penal statute the violations of which by one or more of the defendants does not give rise to a civil cause of action for such violation; that there is no causal relationship between any wrongs of the defendants and resulting damage to the plaintiff because he has no exclusive right to operate cabs in the City; that the defendants have been improperly joined because no conspiracy is alleged; that the bill is multifarious; that there is no certainty as to the damage allegation since no amount has been stated; and that the plaintiff seeks an advisory opinion not allowed by the declaratory judgment statutes.

The complaint is sufficient in law in some respects but insufficient in others. Some of the deficiency may be corrected by amendment while the remainder thereof is not susceptible of amendment.

While it is true that the right to use the streets of a city as a common carrier is a privilege and not an inherent right (Taylor v. Smith, 140 Va. 217, 234 (1924)), nevertheless, equity will give injunctive relief at the instance of a licensed common carrier to enjoin a business competitor from unlicensed or otherwise illegal acts or practices where such violations result in special damages to property rights. Turner v. Hicks, 164 Va. 612 (1935); Long's Baggage Trans. Co. v. Burford, 144 Va. 339 (1926). See also Anno., Right to Enjoin Business Competitor from Unlicensed or Otherwise Illegal Acts or Practices, 90 ALR 2d 7, 41; 10 M.J. Injunctions, § 10, p. 15, ftn. 20; 58 Am. Jur. 2d Nuisances § 111, p. 676, ftn. 10. cf. Meredith v. Triple Island Club, 113 Va. 80 (1912). In addition, see Woodfin v. Transportation Company, 199 Va. 165 (1957); Transportation Company v. Woodfin, 196 Va. 747 (1955).

The reasonable inference to be drawn from the plaintiff's allegations is that he is the employee of an owner of a taxicab which owner holds a valid certificate of public necessity and convenience; that the plaintiff is a driver who has obtained a special written permit to drive a cab in the City (City Code § 38-23); and that the defendants "are the registered

owners of one or more taxicabs operating in the City of Richmond, but not licensed to operate in the City, in direct competition to plaintiff." He further alleges that special damages have resulted to him from the unlicensed operation of the cabs and from other illegal conduct of the defendants or their agents. These allegations sufficiently state a claim for relief in equity and to that extent the demurrers are overruled insofar as paragraph 2 of the prayer of the complaint is concerned.

Paragraph 1 of the prayer has, of course, already been disposed of at the hearing of March 28, 1973.

Paragraph 3 of the prayer seeks a declaration "as to the rights of the plaintiff as to: amount of damages real and punitive, his right to be protected from the illegal operations of the defendants, his rights of recourse in this court" if the violations of law continue in the future. Paragraph 4 seeks "real" and punitive damages.

The complaint sufficiently alleges, except as noted below, a claim for recovery of compensatory ("real") damages. It is fundamental that once equity has taken jurisdiction of the subject matter of the litigation, in order to do complete justice between the parties and to avoid circuity of action, it will retain jurisdiction for all purposes to afford complete relief including the awarding of damages. Dobie v. Sears, Roebuck & Co., 164 Va. 464, 477 (1935). Here the court may properly entertain the claim of the plaintiff for actual damages and, if necessary, have such damages assessed by an issue out of chancery. Code § 8-214.

But the aforesaid is conditioned upon the plaintiff's amending his complaint. The claim for compensatory damages will be sufficiently stated if the plaintiff amends to allege a specific amount claimed, otherwise the entire "real" damage claim is too vague and uncertain to withstand the test of a demurrer.

The demurrer's will be sustained, however, as to that portion of the plaintiff's claim seeking recovery of punitive damages. In Virginia, punitive or exemplary damages are not recoverable in a court of equity. Colonna Dry Dock Co. v. Colonna, 108 Va. 230 (1908). See also Anno., Power of Equity Court to Award Exemplary or Punitive Damages, 48 ALR 2d 947, 952.

A declaratory judgment is inappropriate here. In the first place, most of the issues upon which the plaintiff seeks a declaration will be decided by the determination of the other issues aforesaid, i.e., the rights of the plaintiff to damages and the rights of the plaintiff to protection from alleged "illegal operations" of the defendants. Secondly, a declaratory judgment will not properly lie. A declaration as to the plaintiff's future "rights of recourse" would be merely an advisory opinion not permitted by the law. City of Fairfax v. Shanklin, 205 Va. 227, 229-230 (1964).

The contention of the defendants of improper joinder and multifariousness cannot be sustained. The general rule is that even though defendants in an action to restrain the continuance of a nuisance acted independently, nevertheless, they may be properly joined in the action if they contributed to the nuisance. 14 M.J. Nuisances, § 39, p. 46; 58 Am. Jur. 2d Nuisances, § 170, p. 757. See also 7 M.J. Equity, § 55, et seq., on the subject of multifariousness.

Even though the allegations of the complaint support the joinder of the parties defendant, there can be no joint liability among the defendants since there is no allegation of concert of action or common design. "The torts of nuisance and negligence are distinct and differ in their nature and consequences. And the rules which have been formulated by the courts for determining joint liability for nuisance are not the same as those applicable to negligence. Joint liability for negligence may be imposed even though there is no concert of action between the joint tort feasors and even though it is impossible to determine in what proportion each contributed to the injury.

But in nuisance cases, joint liability depends upon whether there is concert of action between the joint contributors. If they act independently, and not in concert, the injured party must apportion his damages between the contributors, unless the independent act of the one sought to be held is sufficient to cause the whole loss." Finley, Inc. v. Waddell, 207 Va. 602, 610-611 (1966). See also Pulaski Coal Co. v. Gibboney Co., 110 Va. 444, 448-450 (1909); 58 Am. Jur. 2d Nuisances, § 56, p. 623. Since the defendants here acted independently, according to the allegations, the plaintiff will be required to show what portion of his damages was caused by each defendant. 207 Va. at 609. See also Anno. Joinder, in Injunction Action to Restrain or Abate Nuisance, of Persons Contributing Thereto Through Separate and Independent Acts, 45 ALR 2d 1284.

To sum up, the complaint is sufficient insofar as it sets forth a request for a permanent injunction against the defendants jointly restraining them from doing separate and independent acts resulting in a public nuisance. Furthermore, if amended to state a specific amount claimed from each defendant, the complaint sufficiently sets forth a claim for actual damages suffered by reason of the nuisance. Insofar as the complaint sets forth a request for a declaratory judgment and for recovery of punitive damages, the demurrers are sustained and all allegations relevant to those issues are stricken.