## BLACK & WHITE CARS, INC., ET AL.

### v.

## GROOME TRANSPORTATION, INCORPORATED, T/A NORFOLK AIRPORT SHUTTLE, ET AL.

Record No. 930605

April 15, 1994

Present: All the Justices

*Glenn A. Huff (Timothy M. Richardson; Thomas w. Moss, Jr.; Huff,*
*Poole & Mahoney; Moss & Callahan,* on briefs), for appellants.

*Heather A. Mullen (Williams, Kelly & Greer,* on brief), for appellees
The Chesapeake & Potomac Telephone Company of Virginia and C&P
Telephone Company.

*Philip R. Trapani, Jr. (George H. Heilig, Jr.; Heilig, McHenry,*
*Fraim & Lollar,* on brief), for appellee Groome Transportation,
Incorporated, t/a/, etc.

JUSTICE LACY delivered the opinion of the Court.

In this appeal we consider whether a common carrier, certificated
by the State Corporation Commission (SCC), violated a local ordi-
nance regulating the advertisement of taxicab services and, if so,
whether competing taxicab companies are entitled to an injunction
prohibiting future violations of the ordinance.

The City of Norfolk enacted an ordinance that regulates taxicab
operations within its boundaries, as authorized by Code §§ 56-291.3:1
through .3:7. Advertising taxicab services is addressed in Section 34-
11 of the Norfolk City Code (1958):

No person shall use the term "taxi," "taxicabs," "for-hire automo-
bile" or "for-hire car" in any advertising or hold himself out as a

taxicab or for-hire automobile operator, or represent himself to be such by means of advertising, signs, trade names, or otherwise, unless he had previously thereto complied with the conditions, regulations and restrictions prescribed by this Chapter.

The Telephone Yellow Pages Directory for South Hampton Roads (Yellow Pages) includes the cities of Chesapeake, Norfolk, Portsmouth, Suffolk, and Virginia Beach. The 1991-92 volume of the Yellow Pages contained an advertisement for Norfolk Airport Shuttle under a category entitled "Taxicabs." Norfolk Airport Shuttle is the trade name of Groome Transportation, Inc. (Groome). Groome operates as a common carrier of passengers in Chesapeake and Norfolk under a certificate of public convenience and necessity issued by the SCC. Groome is not authorized by the city of Norfolk to conduct taxicab services in that jurisdiction.

Black & White Cars, Inc. and Norview Cars, Inc. (collectively the Cab Companies) are taxicab operators certified by Norfolk to conduct taxicab operations in that city. On January 16, 1992, the Cab Companies filed a bill of complaint against Groome and the Chesapeake and Potomac Telephone Company of Virginia (C&P), the publisher and distributor of the Yellow Pages, claiming that the advertisement for Groome in the 1991-92 volume of the Yellow Pages under the category "Taxicabs" violated the Norfolk ordinance. The Cab Companies sought an injunction prohibiting Groome and C&P from violating the ordinance in this manner. Based on the stipulated facts, briefs, and argument of counsel, the trial court denied the injunction. We awarded the Cab Companies an appeal.

Although the record is silent with regard to the basis for the trial court's decision, Groome suggests a number of theories supporting the denial of the injunction. Groome argues: (1) that it was exempt from the Norfolk ordinance regulating taxicabs and taxicab advertising by virtue of its common carrier certification from the SCC; (2) that it did not violate the Norfolk ordinance; and (3) that the Cab Companies did not have standing to pursue an injunction. The Cab Companies contend that none of these theories is supported by the stipulated facts or by the applicable law and that the trial court erred in denying the injunction. We will consider Groome's contentions in order.

## PREEMPTION

Groome's Certificate of Public Convenience and Necessity was issued by the SCC pursuant to Code § 56-281.2. This certificate

allows Groome to transport passengers as a common carrier by motor vehicle over irregular routes within the geographic area of, *inter alia,* Norfolk, Chesapeake, Suffolk, and Virginia Beach. Groome argues that this certificate relieves it from any requirement that it comply with the ordinances regulating taxicab operations enacted by Norfolk or any other locality designated in its SCC certificate, and precludes the application of those ordinances in any way which would affect "what the Commonwealth has given Groome." At oral argument, Groome's counsel stated that Groome's SCC certificate allows it to operate as a taxicab service, if it chooses, without obtaining a license from the locality involved.

Groome's expansive application of the rights acquired under its SCC certificate is directly contradicted by the definitions found in Title 56, Chapter 12 of the Virginia Code, dealing with regulation of motor vehicle carriers. In defining "certificate," Code § 56-273 specifically states that "nothing contained in the chapter shall be construed to mean that the Commission can issue any such certificate authorizing intracity transportation." Furthermore, common carriers and restricted common carriers are specifically excluded from the definition of "taxicab or other motor vehicle performing a taxicab service." Code § 56-273.

Contrary to Groome's position, these definitions establish that Groome's SCC certificate does not entitle it to operate as a taxicab in Norfolk or any other locality without complying with the applicable ordinances. The General Assembly has specifically precluded the SCC from issuing certificates for intracity taxicab operation and has not preempted localities from regulating intracity taxicab activities, but, in fact, has specifically authorized such regulation. Code §§ 56-291.3:1 through 3:7.

## VIOLATION

There is no contention in this case that Groome is actually operating as a taxicab business. The contention is that when Groome placed its advertisements under the category of "Taxicabs" in the Yellow Pages, it was representing itself to be a taxicab business "by means of advertising," in violation of the ordinance.

In its answer to the Cab Companies' bill of complaint, Groome admitted that it placed an advertisement in the 1991-92 Yellow Pages under the heading of "Taxicabs" and that it would do so again in the 1992-93 Yellow Pages. The stipulated facts recite that Groome's advertisement appeared under the category of "Taxicab" as well as under

three other categories in the 1991-92 Yellow Pages and that C&P had agreed, at Groome's request, "to publish these same advertisements in the 1992-1993 edition" of the Yellow Pages.

Based on these stipulations and admissions, we conclude that Groome's request to place its advertisements under the category "Taxicabs" constitutes representation of itself as a taxicab company by means of advertising, in violation of the Norfolk ordinance.

## STANDING

Groome argues that the Cab Companies do not have standing to bring this litigation because the right they seek to enforce is a public, not a private, right. Groome argues that the Norfolk ordinance does not establish or imply the establishment of a private right of action or a civil remedy. In the absence of a private remedy, the rights sought to be enforced by Groome are those of the public, enforceable by the city, not by private individuals.

Groome correctly states the general rule that a penal statute or ordinance does not automatically create a private right of action, and that equity will not enter an injunction merely because such a statute has been violated. *Vansant and Gusler, Inc. v. Washington,* 245 Va. 356, 359-60, 429 S.E.2d 31, 33 (1993); *Woodfin v. Overnite Transp. Co.,* 199 Va. 165, 166-67, 98 S.E.2d 525, 526 (1957). But this rule is qualified by the long standing principle that an injunction is appropriate relief where violation of a penal statute or penal ordinance results in special damage to property rights which would be difficult to quantify. *Id.*; *Mears v. Colonial Beach,* 166 Va. 278, 282, 184 S.E. 175, 176 (1936); *Turner v. Hicks,* 164 Va. 612, 615, 180 S.E. 543, 544 (1935); *Long's Baggage Transfer Co. v. Burford,* 144 Va. 339, 353, 132 S.E. 355, 359 (1926).

In this case, the Cab Companies demonstrated both a property right and special damage to that right. Like the right given a taxicab company for a taxicab stand in *Long's Baggage Transfer,* or the rights conferred by the certificate of public convenience and necessity upon the common carriers in *Turner,* the franchises granted the Cab Companies by Norfolk are valuable property rights. *Long's Baggage Transfer,* 144 Va. at 352-53, 132 S.E. at 359; *Turner,* 164 Va. at 617, 180 S.E. at 545. The certificates issued by Norfolk allow the Cab Companies to operate and advertise as members of a finite class of 233 taxicabs authorized by Norfolk City Code Sec. 34-50. Attempts to participate in the rights granted to the members of this class by one without such a franchise can be enjoined by a court of equity. *Long's Baggage Transfer,* 144 Va. at 353-54, 132 S.E. at 359; *Turner,* 164 Va.

at 623, 180 S.E. at 548. While Groome maintains that it is not trying to operate as a taxicab company, advertising as a taxicab service is an attempt to enjoy some of the rights granted by the Cab Companies' franchises.

■ The Cab Companies also made the requisite showing of special damages. The parties stipulated that any losses suffered by the Cab Companies "as a direct and proximate result of Groome's ad" in the "Taxicabs" category could not be precisely calculated. Groome argues that this stipulation does not establish that there were, in fact, such losses. The stipulations, however, do acknowledge that the Cab Companies and Groome compete for customers traveling to and from the Norfolk airport within the City of Norfolk. Groome did not challenge the Cab Companies' allegation that, as a result of Groome's advertising itself as a taxicab service, they are harmed by fares lost to Groome. This allegation, in conjunction with the inherent difficulty in establishing the quantum of lost profits in these circumstances, satisfies the required showing of special damages.

■ Finally, contrary to Groome's assertion, a demonstration of repeated violations is not required in order to warrant the issuance of an injunction based on violation of an ordinance where special damage to a property right has been shown. While a showing of repeated violations may be a factor supporting an equity court's decision to enter an injunction, such relief may be granted to protect against both actual and threatened violations. See *Turner,* 164 Va. at 617, 180 S.E. at 545. In this case the violation appeared in the 1991-92 Yellow Pages and Groome admitted that the advertisement would be repeated in the 1992-93 and 1993-94 Yellow Pages. During oral argument before this Court, Groome's counsel specifically noted that Groome had not said that it would not request that its advertisement be placed in the "Taxicabs" category in subsequent editions of the Yellow Pages.

■ Under these facts, the Cab Companies had standing to bring this suit seeking injunctive relief based on the violation of the Norfolk ordinance regulating taxicab service.

## THE INJUNCTION

■ To secure an injunction, a party must show irreparable harm and the lack of an adequate remedy at law. *Wright v. Castles,* 232 Va. 218, 224, 349 S.E.2d 125, 129 (1986). The Cab Companies here have shown the difficulty of ascertaining monetary damages with precision and the need of multiple litigations over the appearance of Groome's advertisement in the "Taxicabs" category of the Yellow Pages. These types of circumstances have previously met the prerequisites for

issuance of an injunction. *Overnite Transp. Co. v. Woodfin,* 196 Va. 747, 85 S.E.2d 217 (1955), and cases cited therein. We hold that they likewise qualify here.

■ Contrary to Groome's assertion, an injunction in this case need not be overbroad and can be tailored to the relief sought here. The fact that other jurisdictions included in these Yellow Pages do not regulate taxicab advertising does not result in violation of some right of their citizens because those citizens will have to look under a category other than "Taxicabs" to locate Groome's non-taxicab services.

We also reject Groome's suggestion that an injunction would be ineffective because, by reorganizing or choosing a new trade name at any time, it could again advertise in the "Taxicabs" category without violating the injunction. Without endorsing the propriety of these projected maneuvers in the least, we think it is sufficient here to observe that the hypothesized limits on the reach of injunctive relief do not amount to a claim that entry of such relief would be futile or completely ineffective.

On brief and at oral argument, C&P did not object to being bound by an injunction in this case, but requested that any injunction issued be clear and that the Court take into account the publishing deadlines associated with printing and distributing the Yellow Pages.

## CONCLUSION

Groome's common carrier certificate, issued by the SCC, did not immunize Groome from compliance with the Norfolk ordinance regulating taxicab service. That ordinance was applicable to Groome's actions in advertising itself as a taxicab service. Accordingly, we will reverse the judgment of the trial court and remand the case for entry of an injunction prohibiting Groome from requesting that an advertisement for its services be placed in the "Taxicabs" category of the Yellow Pages, unless it secures the appropriate franchise to operate as a taxicab service. The decree also will enjoin C&P from placing an advertisement submitted to it by Groome under the category of "Taxicabs," unless Groome provides C&P with satisfactory documentation of its authority to advertise as a taxicab service by virtue of securing the appropriate franchise.

*Reversed and remanded.*