**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1008**

———————

PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE; CATHERINE
HOLMES,

                Plaintiffs - Appellants,

        v.


GENERAL MILLS, INC.; DANNON COMPANY, INCORPORATED; MCNEIL
NUTRITIONALS, LLC; INTERNATIONAL DAIRY FOODS ASSOCIATION;
DAIRY MANAGEMENT, INCORPORATED; NATIONAL DAIRY COUNCIL;
LIFEWAY FOODS, INCORPORATED,

                Defendants - Appellees.

------------------------

WASHINGTON LEGAL FOUNDATION; UNITED STATES OF AMERICA,

                Amici Supporting Appellees.


———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema, District
Judge.  (1:05-cv-00958-LMB)

———————

Argued:  March 19, 2008                    Decided:  June 19, 2008

———————

Before NIEMEYER and KING,[*] Circuit Judges, and David R. HANSEN,
Senior Circuit Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

————————————

    [*]Judge King heard oral argument in this case but recused
himself thereafter.  The decision is filed by a quorum of the
panel.  28 U.S.C. § 46(d).

Affirmed by unpublished opinion. Judge Niemeyer wrote the opinion, in which Senior Judge Hansen joined.

**ARGUED:** Daniel Kinburn, PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE, Washington, D.C., for Appellants. Steven J. Rosenbaum, COVINGTON & BURLING, Washington, D.C., for Appellees. **ON BRIEF:** Bernard J. DiMuro, John M. Tran, DIMUROGINSBERG, P.C., Alexandria, Virginia, for Appellants. Joshua D. Wolson, COVINGTON & BURLING, Washington, D.C., for Appellees; Richard Rossier, Alex Menendez, MCLEOD, WATKINSON & MILLER, Washington, D.C., for Appellees Dairy Management, Incorporated, and National Dairy Council; Matthew R. Estabrook, Andrew S. Tulumello, Claudia M. Osorio, GIBSON, DUNN & CRUTCHER, L.L.P., Washington, D.C., for Appellee General Mills, Inc.; Craig A. Hoover, E. Desmond Hogan, HOGAN & HARTSON, L.L.P., Washington, D.C., for Appellee Dannon Company, Incorporated; Brian D. Boyle, S. Bradley Perkins, O'MELVENY & MYERS, L.L.P., Washington, D.C., for Appellee McNeil Nutritionals, L.L.C.; David J. Gogal, BLANKINGSHIP & KEITH, P.C., Fairfax, Virginia, for Appellee Lifeway Foods, Incorporated. Daniel J. Popeo, Richard A. Samp, WASHINGTON LEGAL FOUNDATION, Washington, D.C., for Washington Legal Foundation, Amicus Supporting Appellees. Peter D. Keisler, Assistant Attorney General, Chuck Rosenberg, United States Attorney, Douglas N. Letter, Appellate Staff, Civil Division, August E. Flentje, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for the United States, Amicus Supporting Appellees.

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Catherine Holmes and Physicians Committee for Responsible Medicine commenced this class action against numerous dairy producers and trade associations, alleging that the defendants' industry-wide advertising campaign, which in essence stated that consuming 24 ounces of dairy products per day would promote weight loss, constituted false and deceptive advertising, in violation of the Virginia Consumer Protection Act ("VCPA"), Va. Code Ann. § 59.1-196 et seq. and Virginia's false advertising statute ("VFAS"), Va. Code Ann. §§ 18.2-216, 59.1-68.2 to 51.9-68.5. The plaintiffs sought a permanent injunction prohibiting future advertising containing weight-loss claims and a mandatory injunction requiring the defendants to undertake a "corrective market campaign" stating that consumption of dairy products would either cause weight gain or at best have no effect. In addition, Holmes demanded damages.

The district court granted the defendants' motion to dismiss the complaint on various grounds. The only grounds relevant to this appeal are the district court's conclusions that neither Virginia statute authorizes an action by a private plaintiff for injunctive relief and that the doctrine of primary jurisdiction applied to this case, because the plaintiffs appealed only those rulings.

Because we agree with the district court's reading of the two Virginia statutes, we affirm on that ground and do not reach the second issue of primary jurisdiction.

I

Count I of the complaint was brought under the VCPA, which declares unlawful a broad range of "fraudulent acts or practices" by a supplier, including "[m]isrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits" and "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation" in connection with a consumer transaction. Va. Code Ann. § 59.1-200(A)(5), (14). For their claim for injunctive relief, the plaintiffs rely on § 59.1-203, which authorizes suits for injunctions as follows:

> A. Notwithstanding any other provisions of law to the contrary, the Attorney General, any attorney for the Commonwealth, or the attorney for any city, county, or town may cause an action to be brought in the appropriate circuit court in the name of the Commonwealth, or of the county, city, or town to enjoin any violation of § 59.1-200. The circuit court having jurisdiction may enjoin such violations notwithstanding the existence of an adequate remedy at law. In any action under this section, it shall not be necessary that damages be proved.

> B. Unless the Attorney General . . . determines that a person subject to the provisions of this chapter intends to depart from this Commonwealth or to remove his property herefrom . . . he shall, before initiating any legal proceedings as provided in this section, give notice in writing that such proceedings are contemplated . . . .

4

C. The circuit courts are authorized to issue temporary or permanent injunctions to restrain and prevent violations of § 59.1-200.

D. The Commissioner of the Department of Agriculture and Consumer Services . . . shall have the power to inquire into possible violations of § 59.1-200, and, if necessary, to request, but not to require, <u>an appropriate legal official</u> to bring an action to enjoin such violation.

(Emphasis added).

Even though § 59.1-203 grants no explicit authority to private parties to obtain injunctive relief for violations of the VCPA, the plaintiffs argue that subsection (C) stands separately and by implication authorizes <u>private</u> suits for injunctive relief. As they explain:

> [Section 59.1-203(A)] provides that the Attorney General or any other public prosecutor may bring an action to enjoin violations of the statute, "notwithstanding the existence of an adequate remedy at law. . . ." In contrast to § 59.1-203A, subsection C provides that "the circuit courts are authorized to issue temporary or permanent injunctions to restrain and prevent violations." This provision allows private parties to seek such relief . . . .

> \* \* \*

> The reason for the lack of detail in Subsection C is apparent from review of the fundamental requirements for obtaining injunctive relief -- whether the legal remedy of damages is adequate to cure an irreparable harm that has been suffered. . . . In providing [in subsection A] that public prosecutors may obtain an injunction, "notwithstanding the existence of an adequate remedy at law," the Virginia legislature is making a distinction between those who are exempted from the general proof requirement for injunctive relief and those who are not. It follows that subsection C is included to allow for injunctive action for those [private parties], such as

5

Appellants, who must prove that their legal remedies are inadequate.

The plaintiffs' arguments must be rejected for several reasons. Although § 59.1-203(C) standing alone does, indeed, not specify who may seek the injunctions that the "circuit courts are authorized to issue," id., when that subsection is viewed in the context of § 59.1-203 as a whole, as well as within the overall structure of the VCPA, it becomes apparent that the Act provides no private cause of action for injunctive relief.

First, we begin by observing that no language in § 59.1-203 explicitly authorizes private suits for injunctions, and certainly no language does so with the clarity of language used in § 59.1-204(A), which does authorize private suits, but only for damages or a penalty. Section 59.1-204, entitled "Individual action for damages or penalty," states broadly that "[a]ny person" who suffers loss may bring an action to recover "actual damages" or a $500 penalty, "whichever is greater." In contrast, § 59.1-203 refers narrowly to the ability of "the Attorney General, any attorney for the Commonwealth, or the attorney for any city, county, or town" to bring suits for injunction. It is "significant that the General Assembly . . . chose not to use language parallel" to § 59.1-204 in defining the cause of action in § 59.1-203. Rectors & Visitors of Univ. of Va. v. Harris, 387 S.E.2d 772, 775 (Va. 1990). Since §§ 59.1-203 and 59.1-204 are part of a common and comprehensive statutory scheme, we conclude that the better reading of this

6

narrowly-tailored language in the VCPA is that two distinct classes of plaintiffs -- public officials on the one hand, and private parties on the other -- are authorized to seek two different kinds of relief. See, e.g., H. D. Oliver Funeral Apartments, Inc. v. Dignity Funeral Servs., Inc., 964 F. Supp 1033, 1039 (E.D. Va. 1997) ("Nor is there any provision in the VCPA authorizing Oliver to seek an injunction against Altmeyer [for conduct allegedly violating the statute]"); VNB Capital Corp. v. Fisher, 1982 WL 215231 at *5 (Va. Cir. Ct. 1982) ("Although the primary enforcement mechanism provided in the VCPA is that of injunctive and civil actions prosecuted by the Attorney General or local enforcement officials, Va. Code §§ 59.1-201, 59.1-202, 59.1-203 and 59.1-206, the Act also provides for individual consumer remedies of damages and restitution[,] Va. Code §§ 59.1-204, 59.1-205 and 59.1-207").

Second, even though § 59.1-203(C) does not contain an explicit statement of who can sue for injunctive relief, it cannot for that reason be properly read to contain an implicit authorization for private actions for injunctive relief. Subsection (C) is not a free-standing provision; rather, it is part of § 59.1-203 as a whole and follows subsection (A), which authorizes only public officials -- "the Attorney General, any attorney for the Commonwealth, or the attorney for any city, county, or town" -- to seek an injunction "in the name of the Commonwealth, or of the county, city, or town." Likewise, it follows subsection (B), which

7

speaks of what measures the Attorney General and other public officials must take before bringing a suit for injunction as authorized by subsection (A). Va. Code Ann. § 59.1-203(B). And no mention of any private cause of action is present in subsection (D), which follows subsection (C) and again relates to when an officer of the Commonwealth may request that another public official bring a suit authorized by subsection (A) to enjoin conduct in violation of the VCPA. Id. § 59.1-203(D). Given that subsection (C) follows subsection (A)'s authorization of suits by public officials and is found between two other subsections unambiguously dealing with the power of public officials to seek injunctions under subsection (A), the plain and natural reading of subsection (C) is that it, too, qualifies subsection (A) and concerns suits brought by public officials thereunder.

The plaintiffs argue that this reading renders subsection (C) surplusage, because subsection (A) already authorizes injunctions. While subsection (A) of § 59.1-203 does provide that the circuit courts may issue injunctions in suits brought by public officials without regard to traditional equitable requirements, such as proof of damages and inadequacy of remedies at law, it is silent as to the type of injunction that may be granted. Subsection (C) therefore qualifies subsection (A) by stating specifically that either "temporary or permanent" injunctions may be issued in suits by public officials, as the Virginia legislature has repeatedly

8

chosen to state elsewhere in the Virginia Code despite the seeming obviousness of that fact. See, e.g., Va. Code Ann. § 3.1-296.21 (authorizing court to grant, upon application, "a temporary or permanent injunction"); id. § 3.1-106.17 (same); id. § 3.1-828.13 (same); id. § 56-525 (same). Thus, despite the plaintiffs' argument that subsection (A)'s authorization of suits for injunction means that "[i]t goes without saying that . . . the courts may issue either temporary or permanent injunctions," the General Assembly's decision to make explicit in subsection (C) what the plaintiffs would have us assume in subsection (A) cannot somehow render that legislative statement surplusage.

Third, the bifurcated remedy scheme of the VCPA, whereby individuals may sue for damages under § 59.1-204 and government officials may sue for injunctions under § 59.1-203, is reflected and assumed in other provisions of the VCPA. Subsection (A) of § 59.1-204.1, for example, provides a two-year statute of limitations for "[a]ny individual action pursuant to § 59.1-204," the VCPA damages provision. (Emphasis added). This statute of limitations makes no mention of a time limitation for individual suits for injunctions under § 59.1-203, suggesting that such individual suits for injunctions are not contemplated under the VCPA. Likewise, § 59.1-204.1(B) tolls the limitations period for individual actions when "any of the authorized government agencies" files suit, but only for individual "action[s] under § 59.1-204." (Emphasis

9

added).  Section 59.1-206, another provision of the VCPA, refers to the ability of "the Attorney General, the attorney for the Commonwealth, or the attorney for the county, city, or town" to recover civil penalties for violations of injunctions issued under § 59.1-203, but it makes no mention of a similar recovery by private parties seeking injunctions.  And § 59.1-207, which concerns unintentional violations of the VCPA, states that attorney's fees and costs may be awarded to "individuals aggrieved" "pursuant to § 59.1-204 B," the damages provision, but makes no mention of awarding similar costs of suit for individuals suing under § 59.1-203.

It is apparent from this statutory structure that damage suits under § 59.1-204 are the private remedy authorized by the VCPA, and that no corresponding cause of action for  private suits exists under § 59.1-203.

For these reasons, we agree with the district court that the plaintiffs were not authorized to bring claims for injunctive relief under the VCPA and therefore it was appropriate for the district court to have dismissed the claim.

II

Count II of the complaint was brought under the VFAS, which, in relevant part, makes it a misdemeanor to use "any promise, assertion, representation or statement of fact which is untrue,

10

deceptive or misleading" in connection with certain advertisements to the public.  Va. Code Ann. § 18.2-216.

Like the VCPA, the false advertising statute contains a bifurcated remedy scheme, whereby government officials may seek to enjoin violative conduct and individuals may seek damages.  Va. Code Ann. §§ 59.1-68.2 to 59.1-68.5.  The statute contains two remedial provisions concerning injunctions, both of which undisputedly authorize only suits by public officials.  The first of these states that  "the Attorney General may investigate and bring an action in the name of the Commonwealth to enjoin any violation of [the statute]." Id. § 59.1-68.2 (emphasis added).  And the second provides that "any attorney for the Commonwealth, or the attorney for any city or county, may investigate and cause to be brought suit in the name of the Commonwealth, or of the county or city, to enjoin any violation of [the statute]."  Id.  § 59.1-68.4 (emphasis  added).    In  contrast,  each  of  the  VFAS  damages provisions, §§ 59.1-68.3 and 59.1-68.5, allows "[a]ny person who suffers loss" as a result of a violation of the VFAS to "bring an individual action to recover damages, or $100, whichever is greater."  Id.  §§ 59.1-68.3, 59.1-68.5 (emphasis added).

In  light  of  the  unambiguous  language  of  the  two  VFAS injunction provisions, the plaintiffs do not contend that any statutory text directly authorizes a private suit for injunctive relief.  Rather, they argue that "[b]ecause injunctive relief is a

11

standard remedy when legal remedies are not adequate, it may be said that injunctive relief is an implicit extension of any statute granting damages," and that there is therefore an "implied right to injunctive relief pursuant to Va. Code Ann. §§ 59.1-68.3 and 59.1 68.5," the VFAS damages provisions. (Emphasis added). But as with the VCPA, the explicitly bifurcated structure of the statute, as well as the distinct language used to create a cause of action for damages that may be brought by "[a]ny person who suffers loss" and a cause of action for injunctive relief that may be brought by only specifically named public officials, indicates that there can be no such implied right. Compare Va. Code Ann. §§ 59.1-68.3 and 59.1-68.5 (damages) with id. §§ 59.1-68.2 and 69.1-68.4 (injunctions). In addition, § 59.1-68.3 itself states that in an individual action for damages under the false advertising statute, exhibits from any action "in which the Attorney General has obtained a permanent injunction" may be introduced into evidence. (Emphasis added); see also § 59.1-68.5 (noting same where "the Commonwealth, or a county or city has obtained a permanent injunction") (emphasis added). The inclusion of this language in the statute, with no proviso made for introduction of evidence from private suits for injunction, belies the plaintiffs' contention that the legislature implicitly intended to authorize private claims for injunctive relief.

    With this statutory language and structure, we are not free to imply a private equitable remedy. The statute reveals a conscious

12

choice by the Virginia legislature to limit its availability to suits by public officials.  See Sch. Bd. of City of Norfolk v. Giannoutsos, 380 S.E.2d 647, 649 (Va. 1989) ("[W]here a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise").

The plaintiffs nonetheless contend additionally that an independent basis for obtaining private injunctive relief exists under the Virginia false advertising statute because it is a criminal statute.  They base their position on Black & White Cars, Inc. v. Groome Transportation, Inc., 442 S.E.2d 391 (Va. 1994), arguing that in that case "the Virginia Supreme Court recognized that an injunction may issue to private parties where violation of a penal statute results in damages that would be difficult to quantify," even where the statute does not specifically authorize such equitable relief for private parties. But the plaintiffs read Black & White Cars too broadly.

In that case, the plaintiff taxicab companies sought an injunction against an unlicensed competitor who was advertising as a taxi service, in violation of a Norfolk city ordinance.  Black & White Cars, 442 S.E.2d at 393.  Although the court permitted the plaintiffs to obtain an injunction, it began by noting that "the general rule" was "that a penal statute or ordinance does not automatically create a private right of action, and that equity

13

will not enter an injunction merely because such a statute has been violated." Id. at 394. Importantly, the court's reason for finding an exception to this general rule was the principle that "an injunction is appropriate relief where violation of a penal statute or penal ordinance results in special damage to property rights which would be difficult to quantify." Id. (emphasis added). The taxicab companies, as franchisees of the city holding "valuable property rights" in their licenses, made this showing. Id. at 395. For this distinguishable reason, Black & White Cars was noted to be an exception to the general rule.

In this case the plaintiffs have not alleged the existence of any property right akin to the taxi franchises in Black & White Cars that could suffer special damage by a violation of the VFAS, an omission that is fatal to their argument. Moreover, reading a private equitable cause of action into the VFAS under Black & White Cars would be particularly inappropriate where, as here, the statute is not silent as to whether a private cause of action exists, but rather explicitly authorizes a private cause of action that is limited to only damages.

Because neither the VCPA nor the VFAS permits a private suit for injunctive relief, we affirm the order of the district court dismissing the plaintiff's claims for injunctive relief. And

14

because we rely on this ground to affirm, we do not reach the issue of primary jurisdiction.

AFFIRMED