# CIRCUIT COURT OF FAIRFAX COUNTY

Samir R. Farran
and Maria Farran

v.

Olde Belhaven Towne
Owners' Association

August 24, 2011

Case No. CL-2011-2339

By Judge Lorraine Nordlund

This matter came before the Court on the Defendant's Demurrer to the Plaintiffs' Complaint. The Court heard argument on Friday, July 8, 2011, and took the matter under advisement. For the following reasons, the Court overrules the demurrer on all grounds.

*Facts*

Plaintiffs Samir and Maria Farran are homeowners in the Olde Belhaven Towne community and have brought suit against the Olde Belhaven Towne Owners Association ("HOA"). They assert that the HOA has a history of engaging in *ultra vires* and unauthorized activities in violation of its Declaration of Covenants ("Declaration"), some of which were addressed in a prior lawsuit in this Court. *Farran v. Olde Belhaven Towne Owners Ass'n*, 80 Va. Cir. 508 (Fairfax 2010) (Thacher, J.). In the prior suit, the Plaintiffs challenged the HOA's asserted authority to fine homeowners (the "Penalties Resolution") for noncompliance with bylaws and resolutions.

The case ended in a judgment against the HOA requiring them to pay $41,300 in attorneys' fees under Va. Code § 55-515.

In the current suit, the Plaintiffs have brought a six-count complaint challenging three separate acts of mismanagement by the Association under the Declaration, the Virginia Property Owners' Association Act ("POAA"), and the Nonstock Corporation Act. These acts can best be understood in the following categories:

1. Mismanagement of community capital reserves by:

    a. Using them to pay for non-capital expenses including the Board's attorneys' fees (more than $130,000);

    b. failing to conduct a reserve study as required under Va. Code § 55-514.1;

    c. failing to budget for Capital Reserves; and

    d. failing to keep Capital Reserves in a "bank account" as required by the Bylaws Article XI, § 8(d);

2. Exceeding Debt Cap; violating Articles of Incorporation, by exceeding the limit on the highest amount of indebtedness or liability to which the Association may be subject, 150% of the HOA's gross income for the previous fiscal year;

3. Architectural request, Board of Directors' arbitrary and capricious denial of the Farran's request to build a roof and deck.

The Plaintiffs have requested a declaratory judgment and injunction as to each issue and an award of attorneys' fees under Va. Code § 55-515. The HOA demurs to Counts I-V, and has filed an answer to Count VI.

*Appropriateness of Claimed Relief*
*Under Counts I, III, and V*

The HOA contends that, because Count I alleges breaches of the Declaration and/or Guidelines adopted under the Declaration, declaratory judgment is inappropriate because these alleged breaches have already occurred. The HOA urges the Court to adopt the Supreme Court's reasoning in a case involving a breach of contract, *Green v. Goodman-Gable-Gould Co.*, 268 Va. 102, 597 S.E.2d 77 (2004). The HOA then argues that the same logic applies to the alleged breaches of the Articles of Incorporation and Bylaws delineated in Counts III and V.

In response, the Plaintiffs contend that a simple breach of contract action would not be adequate to remedy all the harm alleged for multiple reasons. First, the remedies available to the Plaintiffs for the actions complained of have multiple sources including the Declaration, the Articles of Incorporation, the Bylaws, the Architectural Guidelines, the Nonstock Corporation Act, and the POAA. Second, the Declaration is a restrictive covenant, which the law does not favor and requires courts to construe strictly. Third, the General Assembly has provided special statutory remedies

applicable to nonstock corporations and property owners associations for violations of governing documents. Fourth, the Plaintiffs emphasize that a declaratory judgment action would assist in resolving all questions about the interpretation of the relevant writings and statutes and will achieve trial convenience and judicial economy because interpretations of the contractual rights will involve the same testimony and similar legal issues as the issues under the Nonstock Corporation Act and the POAA. They cite to cases in which the Supreme Court has reviewed disputes between homeowners and property owners' associations brought under the Declaratory Judgment Act.

Plaintiffs correctly point out the HOA's misplaced reliance on *Green*. In *Green*, the Virginia Supreme Court reversed a trial court's decision allowing a plaintiff to proceed on a declaratory judgment claim regarding performance on a contract after the plaintiff nonsuited his breach of contract and other claims. 268 Va. at 109-10. The Court found that the plaintiff was using the declaratory judgment as "an instrument of 'procedural fencing'," essentially "asking the circuit court to decide whether the Homeowners had breached the contract between them and [the defendant]," instead of seeking a determination regarding their rights for future action. *Id*. Other relevant quotes from *Green* also support the Plaintiffs' position. For example, the Court discussed other cases of inappropriate uses for declaratory judgments that do not apply to the case at bar, i.e.:

> Declaratory judgments provide relief from the uncertainties stemming from controversies over legal rights, *USAA Cas. Ins. Co. v. Randolph*, 255 Va. 342, 346, 497 S.E.2d 744 (1998), but they are not to be utilized "as instruments of procedural fencing, either to secure delay or to choose a forum." *Williams v. Southern Bank of Norfolk*, 203 Va. 657, 662, 125 S.E.2d 803 (1962). "Where a declaratory judgment as to a disputed fact would be determinative of issues, rather than a construction of definite stated rights, status, and other relations, commonly expressed in written instruments, the case is not one for declaratory judgment." *Id*. at 663.

*Green*, 268 Va. at 106. The allegations in the complaint and the arguments in the Plaintiffs' opposition brief show no indication of an attempt to delay the case or choose a forum. Additionally, the complaint does not ask for a determination about disputed facts. It focuses on interpretations of legal rights under multiple documents and statutes. The Declaratory Judgment Act states:

> In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential

relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills, and *other instruments of writing, statutes,* municipal ordinances and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

Va. Code § 8.01-184 (emphasis added). The Plaintiffs are alleging a controversy that requires the interpretation of multiple instruments of writing and two statutes. They ask for this determination so both parties may understand how to operate in the future under the governing documents, the POAA, and the Nonstock Corporation Act. Therefore, a declaratory judgment is an appropriate vehicle for this litigation, and the Court overrules the demurrer on this ground.

*Plaintiffs' Justiciable Interest in the Subject Matter of the Litigation*

The HOA asserts that Plaintiffs' claims under Counts I and III also fail because they have not demonstrated an actual controversy between themselves and the HOA such that the outcome of the case will affect their rights. Specifically, under Count I, the HOA claims that alleged violations of Va. Code § 55-514.1 fail because that section does not provide Plaintiffs with a private right of action, nor do they allege that they suffered "some personal injury as a result thereof." The HOA urges a similar argument with regards to the allegations about the HOA's debt under Count III, that Plaintiffs have not alleged any harm they suffered as a result.

Plaintiffs respond to this argument on three grounds. First, they contend that the declaratory judgment statute, Va. Code § 8.01-184, explicitly states that no objection can be brought because a party seeking declaratory judgment did not pray for any monetary damages in conjunction with the declaratory relief. Second, they assert that the Complaint contains many allegations about the harm they will suffer from the HOA's mismanagement in the absence of relief. And third, whether or not a controversy exists is a question of fact, according to the Plaintiffs, and on demurrer, if they allege a controversy, the court must take their allegations as true.

Va. Code § 55-514.1 states:

§ 55-514.1. *Reserves for capital components. —* A. *Except to the extent otherwise provided in the declaration and unless the declaration imposes more stringent requirements,* the board of directors shall:

> 1. Conduct at least once every five years a study to determine the necessity and amount of reserves required to repair, replace, and restore the capital components;
>
> 2. Review the results of that study at least annually to determine if reserves are sufficient; and
>
> 3. Make any adjustments the board of directors deems necessary to maintain reserves, as appropriate. . . .

(Emphasis added.) The plain language of the introductory clause of Section A indicates that this section merely serves to supplement the requirements already binding on the HOA through the declaration. The only language in the declaration at issue in this case and relevant to capital components is Article V, Section 4, which states:

> *Special Assessments for Capital Improvements.* In addition to the annual assessments authorized above, the Association may levy in any assessment year a special assessment for the purpose of defraying, in whole or in part, the cost of any construction or reconstruction, including recreation and other facilities, unexpected repair or replacement of a described capital improvement upon the Common Area, including the necessary fixtures and personal property related thereto, *provided that* any such assessment shall have the assent of two-thirds (2/3) the votes of each class of Members. Notwithstanding any of the foregoing, the sum of all special assessments in any one (1) calendar year against any one (1) Lot shall not exceed the sum of one thousand five hundred and 00/100 dollars ($1,500.00).

(Emphasis in original.) By its own terms, this section does not address § 55-514.1's requirements, nor does it impose any different requirements in regard to the study that the statute contemplates. Therefore, as intended, § 55-514.1 supplements the declaration and binds the HOA to an obligation that exists between it and the individual homeowners just as if this obligation were a part of the declaration. It is well settled in Virginia that declarations like the one in this case form a contract between individual homeowners and the HOA. *Unit Owners Ass'n v. Gillman*, 223 Va. 752, 766, 292 S.E.2d 378 (1982); *see also Sully Station II Cmty. Ass'n, Inc. v. Dye*, 259 Va. 282, 284, 525 S.E.2d 555 (2000). Because the HOA conceded this very same proposition in its demurrer, the Court need not move beyond this conclusion to determine whether § 55-514.1 gives the Plaintiffs a private right of action.

Moving then to the HOA's argument about standing, the Court must focus its inquiry on the characteristics of the plaintiff or plaintiffs. *Cupp*

*v. Board of Supervisors*, 227 Va. 580, 589, 318 S.E.2d 407 (1984). The relevant characteristics are the plaintiffs' legal rights to assert a particular claim and the effect that the disposition of the case will have on him such that the trial of the issues will be between adversaries and fully encompass the dispute. *Id.* In their Complaint, the Plaintiffs allege that they and other homeowners have to contribute to the capital reserves through special assessments that the HOA may use for a very narrow set of expenditures. As noted above, these special assessments are put toward "any construction or reconstruction, including recreation and other facilities, unexpected repair or replacement of a described capital improvement upon the Common Area, including the necessary fixtures and personal property related thereto." Art. V, Section 4, Declaration. The Complaint further alleges that the HOA has raided these reserves to pay their legal fees from a prior lawsuit. Based on these allegations, the Court finds that the resolution of this dispute between what the HOA has done and what the declaration requires will result in a fully encompassing trial between adversaries.

Similar logic applies to the HOA's argument about the indebtedness cap in Count III. The Plaintiffs have alleged that the Articles of Incorporation specify a limit on the amount of indebtedness the HOA can incur and that the Plaintiffs are harmed by the HOA's exceeding this limit because it violates the contracts the HOA has with the Plaintiffs and other homeowners. On a basic level, the Plaintiffs allege that they and other homeowners suffer harm when the HOA mismanages the funds they have paid into assessments that are supposed to be used for the upkeep of the community. Moreover, the Plaintiffs are correct that no objection to an action for declaratory judgment is allowed based on their failure to claim a certain amount of money damages: "In cases of actual controversy . . . no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for." Va. Code § 8.01-184. Therefore, the Court overrules the demurrer on all grounds contained in this section.

### Claims for Injunctive Relief: Counts II and IV

The HOA asserts that a claim for injunctive relief requires an allegation of some irreparable injury and, because the Plaintiffs have failed to allege any harm they suffered as a result of the HOA's actions, the Court should sustain the demurrer.

The Plaintiffs argue that the following allegations show the harm they could potentially suffer without relief: plaintiffs own a home in the community; the community includes common areas the HOA maintains; as a result of the HOA's financial mismanagement, the HOA now lacks adequate capital reserves to cover capital expenses; failure to budget for and retain proper reserve funds for capital components jeopardizes the Plaintiffs' property value both monetarily and aesthetically; mismanagement

denies the Plaintiffs their contract rights and breaches the Declaration; and Plaintiffs intend to prove at trial that they are forced to pay for the mismanagement through (growing) annual and special assessments.

The Plaintiffs also highlight their statutory standing under the POAA and Nonstock Corporation Act to enjoin any *ultra vires* actions.

To obtain an injunction the complainant must show irreparable harm and lack of an adequate remedy at law. *Black & White Cars, Inc. v. Groome Transportation*, 247 Va. 426, 431-32, 442 S.E.2d 391 (1994). Additionally, an inability to determine monetary damages and the possibility of multiple lawsuits can serve as the necessary prerequisites for securing an injunction. *Id.* Specifically relevant to this case, where the General Assembly has decided that certain actions are contrary to the public interest and a statute empowers the courts to grant injunctive relief from those actions, a request for an injunction need not contain an allegation of irreparable harm. *See Virginia Beach S.P.C.A., Inc. v. South Hampton Roads Veterinary Ass'n*, 229 Va. 349, 354, 329 S.E.2d 10 (1985).

In their complaint, the Plaintiffs allege the following in support of their claims for injunctive relief:

The circuit court has jurisdiction to award an injunction under Va. Code § 8.01-620 (general jurisdiction to award injunctions);

The circuit court has jurisdiction to enjoin or set aside any *ultra vires* or unauthorized corporate acts pursuant to the Virginia Nonstock Corporation Act under Va. Code § 13.1-828 ("(B)(1) Corporate action may be challenged: 1. In a proceeding by a member or a director against the corporation to enjoin the act;")

Failure to enjoin Defendant to conduct a reserve study, to review a reserve study, and from raiding its capital reserves will cause Mr. and Mrs. Farran irreparable harm for which the law will afford no adequate remedy, including but not limited to:

Members will be denied their rights to these items under § 55-514.1;

The Board will appropriate the capital reserves for operating expenses, to the detriment of the members of the Association, including Mr. and Mrs. Farran;

In the alternative, the Board will appropriate the capital reserves to pay its legal fees, in breach of Article V of the Declaration;

The Association's budget will not include appropriate capital reserves to repair, replace, or restore capital components; and

The monetary and aesthetic value of Plaintiffs' property will be jeopardized;

An injunction would be feasible, practical, and effective;

Any harm to the Defendant is outweighed by the potential harm to the Plaintiffs were the injunction not granted;

The public interest would not be adversely affected were an injunction granted.

Even assuming that allegations of irreparable harm must be included in a complaint requesting an injunction, the Court finds that these allegations are sufficient to support irreparable harm the Plaintiffs may suffer without the injunction. Accordingly, the Court overrules the demurrer on this ground.

*Attorneys' Fees under Va. Code § 55-515(A)*

The HOA contends that the plain language of Va. Code § 55-515(A) does not impose any duties on an HOA to abide by the provisions of its own Declaration. Second, the HOA asserts that § 55-515 does not give a right of action for homeowners to recover attorneys' fees when the homeowners are the Plaintiffs; it only applies if the HOA sues a homeowner and loses. Third, the HOA argues that *White v. Boundary Ass'n*, 271 Va. 50, 624 S.E.2d 5 (2006), does not control because the decision in that case was narrowly focused on whether a party who reverses a trial court's ruling on appeal is a "prevailing party" under the statute. More specifically, the HOA claims that the Supreme Court of Virginia relied on a case called *Westgate*, in coming to that conclusion but that *Westgate* focuses on the Condominium Act, which does not apply to this case. *Westgate Condo. v. Philip Richardson Co.*, 270 Va. 566, 621 S.E.2d 114 (2005). The HOA concludes its demurrer with a public policy argument about how the Plaintiffs, two individual homeowners, should not be allowed to essentially bankrupt the HOA with a lawsuit every time they feel the HOA has wronged them in some fashion because this unfairly burdens the rest of the property owners.

The Defendants rely on *White v. Boundary Ass'n* and ask the Court to adopt the same findings as the Supreme Court did in that case. The Plaintiffs also make arguments about judicial waiver, estoppel, and res judicata that the Court need not address.

Va. Code § 55-515 states, in pertinent part:

> § 55-515. *Compliance with Declaration.* — A. Every lot owner and all those entitled to occupy a lot shall comply with all lawful provisions of this chapter and all provisions of the declaration. Any lack of such compliance shall be grounds for an action or suit to recover sums due, for damages or injunctive relief, or for any other remedy available at law or in equity, maintainable by the association, or by its executive organ or any managing agent on behalf of such association, or in any proper case, by one or more aggrieved lot owners on their own behalf or as a class action. *The prevailing party shall be entitled to recover reasonable attorneys' fees and costs expended in the matter.*

(Emphasis added.) The HOA urges the Court to adhere to the HOA's view of the statute's plain language and find that the statute does not entitle individual homeowners, as plaintiffs, to attorneys' fees when they sue the HOA for failure to comply with its declaration. The Court finds, however, that the plain language is capable of multiple interpretations because the words "in any proper case" indicate the ability of individual homeowners to bring a suit to enforce compliance with a declaration. Even assuming that this interpretation is incorrect, the Supreme Court has held in *White v. Boundary Ass'n* that individual homeowners, who prevail in a suit against the HOA for failure to comply with a declaration, are entitled to attorneys' fees under this section. 271 Va. at 57.

Despite the brevity of the Supreme Court's conclusion on this point in the *White* opinion, the decision is no less binding on this Court, and this Court must assume that the Supreme Court considered all the language in Va. Code § 55-515(A) prior to making its decision. Additionally, the Supreme Court's citation to the *Westgate* case and its focus on the Condominium Act is of no moment because the relevant language of that Act parallels the language at issue in this case. Va. Code § 55-79.53 states:

> § 55-79.53. *Compliance with Condominium Instruments* —
> A. *The declarant, every unit owner, and all those entitled to occupy a unit shall comply with all lawful provisions of this chapter and all provisions of the condominium instruments.* Any lack of such compliance shall be grounds for an action or suit to recover sums due, for damages or injunctive relief, or for any other remedy available at law or in equity, maintainable by the unit owners' association, or by its executive organ or any managing agent on behalf of such association, *or, in any proper case, by one or more aggrieved unit owners* on their own behalf or as a class action. A unit owners' association shall have standing to sue in its own name for any claims or actions related to the common elements as provided in subsection B of § 55-79.80. *The prevailing party shall be entitled to recover reasonable attorneys' fees and costs expended in the matter.*

(Emphasis added.)

Accordingly, the Court overrules the Defendant's demurrer on all counts.